# STADELMAN ET AL. *v.* MINER ET AL.[1]

ERROR TO THE SUPREME COURT OF THE STATE OF OREGON.

No. 644.    Petition for rehearing.    Leave to file granted, petition allowed
            and former dismissal vacated March 18, 1918.

The case having been dismissed for want of a federal question, the
court grants leave to file, and treats as filed, a petition for rehearing
and orders that the case stand for consideration on the prior sub-
mission, the fact that a federal question was raised and decided on a
former hearing in the state court being shown by the official report of
its opinion and the failure of counsel to include that opinion in the
record, as should have been done, or to refer to the decision in their
briefs and arguments, being due to excusable inadvertence.

Mr. *John M. Gearin* and *Mr. Harry G. Hoy*, for plain-
tiffs in error, in support of the petition.

Memorandum opinion by direction of the court, by MR.
CHIEF JUSTICE WHITE.

There being nothing in the record to establish that the
federal question relied upon was raised, considered or de-
cided below, and indeed it appearing so far as the record
is concerned that the federal question was for the first
time stated in the assignments made for the purpose of
the writ of error from this court, the case was dismissed
for want of jurisdiction upon authorities cited.    245 U.
S. 636.    On this application it is stated that in a previous
hearing of the case in the court below the federal ques-
tion relied upon in this court was pressed and more-
over was expressly decided, reference being made to the
opinion so showing reported in 83 Oregon, 351.    The ap-
plication for leave prays that the clerk below be directed

---

[1] See *post*, 544.

to certify the opinion as part of the record and thus correct the inadvertence in not having previously included it and the oversight of counsel in not having referred to it in their briefs or arguments as affording in this court the basis of authority to review.

As the opinion referred to establishes that the federal question was considered and decided and as that opinion should have properly been included in the record, it follows that if the mistake of the parties in failing to include or refer to it, be overlooked and corrected, which we think should be done, it would result also that the ground upon which the order of dismissal was made would be without foundation and therefore should be set aside. To that end leave to file the petition is granted and, acting upon it as filed, our former judgment of dismissal will be set aside and the case will stand for consideration under the prior submission. Moreover, for the purpose of disposing of the cause, the opinion of the court below rendered on the previous hearing will be considered as part of the record without further formal order to the court below to supply the same.

*And it is so ordered.*