# CASES

# SUPREME COURT

# WASHINGTON

[No. 16547.   Department Two.   December 9, 1921.]

*In the Matter of the Application of* OBIE L. SMITH *for a Writ of Habeas Corpus.*

OBIE L. SMITH, *Appellant,* v. WILLIAM C. FAIRHURST *et al., Respondents.*[1]

PARENT AND CHILD (2)—AGREEMENTS AS TO CUSTODY OR CONTROL —CONTRACTS—PUBLIC POLICY. An agreement by a father giving the care and custody of an infant child to its grandparents during their life, which has not been made the basis of a legal adoption by the grandparents is void as against public policy.

HABEAS CORPUS (19)—PARTICULAR ISSUES—CUSTODY OF CHILD. A parent who has granted the care and custody of a minor child to another under a void contract is entitled to its return under writ of habeas corpus, where there is satisfactory evidence of his ability, willingness and qualification to properly care for and rear the child.

Appeal from a judgment of the superior court for King county, Dykeman, J., entered February 21, 1921, denying an application for a writ of habeas corpus to secure the custody of a child.   Reversed.

*Egan & Moriarty,* for appellant.

*C. H. Hanford,* for respondents.

MACKINTOSH, J.—In 1919, the petitioner's wife, who was the daughter of the respondents, died, leaving a

[1]Reported in 202 Pac. 243.

baby girl, then of the age of fourteen months. The petitioner and his child continued to live with the respondents, who are elderly people, and on December 18, 1919, this agreement was entered into:

"   .   .   .

"Now, therefore, the parties hereto agree as follows, to-wit:

"The first party agrees that the second party shall during the life of the second party act as guardian of said minor child, Marian Julia May Smith, and that said minor child shall at all times live with and be cared for by second party (respondent) hereby investing said party with all the rights, duties and privileges of a parent in the control and upbringing of said child."

The household continued in the same condition for about a year more, when the petitioner ceased to live with the respondents, although he continued to make full provision for the child. The petitioner then married, and being desirous of taking his child to his new home, and being refused that permission, he began this action of habeas corpus to secure the child's possession.

There is evidence, and it is in fact conceded, that the petitioner has at all times properly supported his child; has a deep affection for her, and that he and his second wife are financially and morally qualified to give the child a proper home, education and rearing.

The agreement entered into between the petitioner and the respondents, it will be noted, is not one giving the petitioner's consent to the adoption of his child, and is such an agreement as has many times come before the courts. The overwhelming weight of authority, in considering a contract of this nature which has not been the basis of an adoption actually made by the party with whom the parent has made the agreement, is that such a contract is void as against public policy. In line with these decisions, this court itself has said,

in *Delle v. Delle,* 112 Wash. 512, 192 Pac. 966, 193 Pac. 569, that:

"The parties could not, by contract, and the court could not, in an original decree, make a provision relating to the custody of the children which would be controlling upon a subsequent hearing where their custody was involved."

The interests of the child being of so great importance, no parent can, by contract, make its custody a matter of bargain and sale.

The contract being void, the case resolves itself into a consideration of what is best for the welfare of the child. Although it may be admitted that the respondents are people of the highest character, and that they are deeply attached to this little girl, there must be weighed in the balances against this situation the rights which the father has to his own flesh and blood, and the evidence being satisfactory of his ability and willingness and qualification, there exists no reason why he should not perform those duties and experience those pleasures which are the natural circumstances of parenthood.

The petitioner is entitled to his legal and moral right to the care, custody, control and association of this little one. The judgment denying the application for a writ of habeas corpus is reversed.

PARKER, C. J., MAIN, and HOVEY, JJ., concur.

HOLCOMB, J., concurs in the result.