[No. 37147. Department Two. December 5, 1963.]

*In the Matter of the Welfare of* GLENNA MAY PENIX (CAMP).
JOSEPH O. CAMP, *Petitioner,* v. THE SUPERIOR COURT FOR SNOHOMISH
COUNTY, *Charles R. Denney, Judge, Respondent.*[*]

*John M. Warnock,* for petitioner.

*E. Lloyd Meeds* and *Gerald R. Gates,* for respondent.

PER CURIAM.—This is a review by writ of certiorari of a juvenile court order determining Glenna May Penix (Camp) to be a dependent child pursuant to RCW 13.04.010. Rule on Appeal 57(b)(3); 61 Wn. (2d) xv.

April 23, 1963, the court heard evidence in support of the petition and announced its oral decision that Glenna May Penix (Camp) (born January 11, 1946) was a dependent child because her parents could not control her. A written order was not entered that day because time was needed to find a "controlled setting" for her.

June 6, 1963, the order of dependency was filed without notice. A copy of the order was, however, mailed to counsel for Joseph O. Camp (to whom Glenna had been married April 12, 1963 without the consent of her parents), who had appeared at the hearing.

It is admitted that a copy of the order was delivered to the office of counsel June 10, 1963.

Rule on Appeal 57(e)(1) provides:

"A petition for a writ must be filed in the office of the Clerk of the Supreme Court within fifteen (15) days after the determination in question has been made by the superior court, . . ."

We assume, arguendo, that the trial court's determination did not become effective, in so far as petitioner's rights (if any) are concerned, until a copy of the order was furnished his counsel.

The petition for writ of certiorari (designated "Amended Petition") was filed in the office of the Clerk of the Supreme Court June 26, 1963, more than 15 days after June 10, 1963.

Since this court did not acquire jurisdiction, the writ must be quashed.

It is so ordered.

[*]Reported in 387 P. (2d) 371.