[No. 39406.    Department Two.    August 3, 1967.]

*In the Matter of the Welfare of* JOSEPH MICHAEL GREGOIRE, *a Minor.*
MELVIN DEVORE *et al., Petitioners,* v. THE SUPERIOR COURT FOR KING COUNTY, *Horton Smith, Court Commissioner, Respondent.\**

*Reported in 430 P.2d 983.

*Olwell, Boyle & Hattrup,* for petitioners.

*Charles O. Carroll* and *David A. Berner,* for respondent.

LANGENBACH, J.†—██ ██  When a boy of the tender age of 9 years appears bearing discolored marks of beatings upon his young body, what is the responsibility of the juvenile court? When the normal parent-child relationship is interrupted by the intervention of a stepfather, society must assume some responsibility. It has repeatedly been stated that the one paramount consideration in all child custody cases is *the welfare of the child.* It is a very realistic and rational appellate policy to place very strong reliance upon the trial court's determination of what course of action will be for the best interests of the child. *In re Todd v. Superior Court,* 68 Wn.2d 587, 414 P.2d 605 (1966).

██  At a hearing to inquire into the child's welfare there was testimony that both his mother and stepfather spanked the boy with a belt, leaving marks; that about 6 months prior to the hearing, the boy had been spanked with a small flagstick; that some of the spankings were severe enough to have left bruises on the posterior portion of the boy's anatomy; that on occasion the stepfather grabbed the boy by the hair and dragged him; and that when he came to the attention of the authorities the boy bore a bruise severe enough to be still visible although it was a week old. The stepfather did not appear or testify at the hearing. No excuse was stated for his absence.

There was additional testimony that the boy was bright in school and that he got along nicely with the neighbors

---

†Judge Langenbach is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

and members of his family except for these spankings. No plausible reason was given for their infliction.

The trial court determined that the child was dependent under the definition provided in RCW 13.04.010:

(3) Whose home by reason of neglect, cruelty or depravity of his parents . . . or for any other reason, is an unfit place for such child; . . . .

The boy testified he was not afraid of his stepfather. The court allowed the boy to remain in this home under the immediate supervision of the Department of Public Assistance. Because of the extreme corporal punishment inflicted upon him, the parents were restrained from further administration of corporal punishment for a period of one year. Thus the child remains in this home under the assurance of the court's protection.

The court order further stated that a penalty of a jail sentence would be imposed upon the parents if there was any disobedience of the court order. This was mere surplusage. Such action would naturally follow any act of disobedience, but only after a proper hearing upon notice. The statement might well be considered as an official admonition to the parents concerning their future conduct and relations with the child.

The trial court heard and observed the various witnesses and the boy. It was in an admirable position to determine what would best serve the interests of a child living under the circumstances revealed at this hearing. After a thorough study and examination of the record we find no abuse of discretion in the declaration of dependency, nor in the order to refrain from inflicting further corporal punishment upon Joseph Michael Gregoire.

The order, so far as it related to dependency and to the restraint upon the child's parents, is affirmed. That portion of the order relating to the infliction of a jail sentence must be stricken as surplusage. The matter is remanded to the juvenile court for the entry of a proper order in these particulars.

It is so ordered.

FINLEY, C. J., DONWORTH, HAMILTON, and NEILL, JJ., concur.