[No. 43123. En Banc. September 19, 1974.]

SHERI ZMUDA MOORE, *Petitioner*, v. MILTON BURDMAN *et al.*,
*Respondents*.

*Sperline, Ellis & Woolett* and *Lowell D. Sperline*, for petitioner (appointed counsel for appeal).

*Slade Gorton, Attorney General,* and *Thomas A. Prediletto, Assistant,* for respondents.

ROSELLINI, J.—This matter is before the court upon a petition for review of an order of the Court of Appeals, Division Three, dismissing a young mother's petition for writ of habeas corpus to secure custody of her 3-year-old child, who is now in the home of foster parents pursuant to an order entered in a juvenile court proceeding in Douglas County, depriving the mother of custody permanently and making the child available for adoption. That order was entered October 5, 1972. The petitioner was given permission to proceed in forma pauperis and counsel was appointed to represent her.

On October 18, 1972, her petition for certiorari was mailed from East Wenatchee to Spokane. The petition was received at the post office at Spokane on October 20, 1 day later than it would ordinarily have been received. It was not delivered to the Court of Appeals until October 24 because of an intervening holiday weekend. On October 31, the Court of Appeals denied the writ of certiorari. The petitioner moved immediately for reconsideration and that motion was heard on January 12, 1973. On January 17, 1973, an order of reference was sent to the Douglas County Superior Court asking what date the original order was entered, the record being ambiguous. The return on the order of reference was received April 2, 1973, and showed that the deprivation order was entered on October 5, 1972.

On May 15, 1973, the clerk of the Court of Appeals wrote to this court inquiring whether the question involved in the motion for reconsideration (that is, whether a party should be denied appellate review if his notice or petition is late because of delay in the mail) was one which this court would want to decide in the first instance, noting the significance of the question to parties living in remote areas of the state. On June 1, 1973, this court en banc determined that it would not take jurisdiction and advised that this refusal would not prejudice the right to petition this court

for review after the Court of Appeals should consider the motion for reconsideration, then pending.

On June 14, 1973, the Court of Appeals denied the motion for reconsideration upon the authority of *In re Penix,* 63 Wn.2d 977, 387 P.2d 371 (1963). On June 29, 1973, the petitioner filed a petition for certiorari in this court, with accompanying memorandum of authorities, wherein she renewed her contention that the filing of the writ in the Court of Appeals should be held to be timely and also challenged the dependency determination on the merits. This petition was heard before the Chief Justice only, who inadvertently signed an order denying the petition for want of jurisdiction, his attention not having been called to the fact that the court en banc had indicated its willingness to consider the case on the merits.

When the petitioner was notified of this order, she filed a petition for a writ of habeas corpus in the Court of Appeals. In her petition she alleged that the Douglas County Superior Court was without jurisdiction because the infant was not within the county within the meaning of RCW 13.04.060. The petition also challenged the order depriving her of custody upon the ground that it was not supported by clear, cogent and convincing evidence. *See In re Sego,* 82 Wn.2d 736, 513 P.2d 831 (1973).

On September 28, 1973, the Court of Appeals issued an order of reference to the Douglas County Superior Court for an evidentiary hearing on the issue of jurisdiction. The Department of Social and Health Services, respondent, filed a motion to reconsider this order and on November 19, 1973, the Court of Appeals rescinded the order and denied the petition for writ of habeas corpus. On November 28, 1973, the petitioner moved the court to reconsider its order denying the writ. At about the same time this court, on a petition for certiorari, reversed the dismissal of a case in which the delivery of a petition for certiorari had been delayed in the mails, causing it to be delivered to the Court of Appeals 1 day late, just as in this case. That case, In re Smith, No. 42955 (writ granted November 28, 1973), has

now been decided by the Court of Appeals, Division Three, *In re Smith*, 11 Wn. App. 1006 (1974).

On January 18, 1974, the Court of Appeals denied the motion for rehearing and reconsideration and on January 30, 1974, the petitioner applied to this court for review of that order.

While acknowledging that RCW 7.36.020 confers upon this court and the Court of Appeals original jurisdiction to consider and review juvenile court orders depriving natural parents of custody of their children, through the writ of habeas corpus, the respondent maintains that the petitioner does not fall within the protection of this statute for the reason that in the Superior Court proceeding which she is still seeking to have reviewed, she was permanently deprived of all parental rights. It cites *In re Stuart*, 138 Wash. 59, 244 P. 116 (1926), and *Schreifels v. Schreifels*, 47 Wn.2d 409, 287 P.2d 1001 (1955), wherein we indicated that a parent who has been deprived of custody cannot utilize the writ of habeas corpus.

We do not find it necessary to decide whether, under the peculiar circumstances of this case, the writ would be available to the petitioner, since we are of the opinion that the petitioner should be granted a hearing before the Court of Appeals upon her writ of certiorari.

 The interest of a parent in the custody and control of his minor child has long been recognized by this court as a sacred right. *In re Luscier*, 84 Wn.2d 135, 524 P.2d 906 (1974). As we observed in that case, child deprivation hearings in particular have been the subject of close scrutiny, and this court on many occasions has carefully reviewed deprivation hearings to assure that the interested parties have been accorded the procedural fairness required by due process by law.

A corollary interest which has perhaps not received as much attention is that of the child in having the affection and care of his parents. The psychological need of the child to be with his natural parent is receiving increasing attention. *See* Criminal Law & Urban Problems, *Legal Rights of*

*Children* (Course Handbook Series No. 51, 1973), particularly pages 98-111. In *In re Day,* 189 Wash. 368, 381-82, 65 P.2d 1049 (1937), we said:

> As has been repeatedly stated, in cases where the superior court has jurisdiction to determine the custody of a child, the welfare of the child is the paramount consideration. It is also true that the right of a parent is always given great weight, and that, as was said by Judge Dunbar, speaking for the court in the case of *State v. Rasch,* 24 Wash. 332, 64 Pac. 531 [1901],
> "It is no slight thing to deprive a parent of the care, custody, and society of a child, or a child of the protection, guidance, and affection of the parent."
> Mere temporal or social advantages weigh little as against the right of a parent, and the ties of blood should not be interfered with or the right of the parent abridged, save for the most powerful reasons. *In re Mead,* 113 Wash. 504, 194 Pac. 807 [1920]; *In re Smith,* 118 Wash. 1, 202 Pac. 243 [1921]; *Penney v .Penney,* 151 Wash. 328, 275 Pac. 710 [1929]; *In re Brenner,* 514 Wash. 400, 282 Pac. 486 [1929]; *In re Kneeland,* 160 Wash. 64, 294 Pac. 562 [1930].

■ In the case before us the natural mother earnestly contends that she has been permanently deprived of custody of her child in a proceeding in which there was no clear, cogent and convincing evidence that the necessity of such deprivation was highly probable. We have said that without such evidence, a permanent deprivation order cannot be entered. *In re Sego, supra.* Since the deprivation order was entered, she has diligently sought to obtain appellate review of the proceeding, but owing to occurrences beyond her control, she has been denied any review on the merits.

■ One of those occurrences was an inadvertent mistake in this court. Where such a mistake has occurred, courts have power to set aside the dismissal and hear a case on the merits. *Stadelman v. Miner,* 246 U.S. 311, 62 L. Ed. 737, 38 S. Ct. 189 (1918); 5 Am. Jur. 2d *Appeal & Error* § 928 (1962); 30A C.J.S. *Equity* § 625 (1965). This power should be used sparingly and only where it is necessary to

do justice, and where no rights of third parties are adversely affected.

It is, of course, the general rule that an appellate court loses jurisdiction once the remittitur has gone down. *See Reeploeg v. Jensen,* 81 Wn.2d 541, 503 P.2d 99 (1972), and note that we recognized therein an exception where an appellate court's order has been entered through mistake. In that case, a civil suit involving the title to property, the respondent had been subjected to a long delay in realizing the fruits of his judgment due to the appellant's lack of diligence in pursuing her appeal.

Here, we have only the rights of a mother and child involved. While the State, through its Department of Social and Health Services, is a party, its interest is limited to a concern for the welfare of the child. The State has advanced no reason, and we can conceive of none, why it should object to the most thorough judicial exploration of the question whether this child should be deprived of the right to be with her mother and the mother deprived of the right to have the custody of the child.

We have also said that in exceptional cases, where justice demands it, jurisdictional requirements of court rules may be waived. *Myers v. Harris,* 82 Wn.2d 152, 509 P.2d 656 (1973). Our examination of the record persuades us that this is a case calling for the exercise of this discretionary power, particularly in view of the fact that the petitioner predicament is attributable in part to a mistake made in this court.

We will therefore treat the petition for review of the denial of a writ of habeas corpus as an application to reconsider the order of the Chief Justice refusing to take jurisdiction of the petition for writ of certiorari filed in this court June 29, 1973.

Turning then to the merits of that petition, it was contended therein that a party should not be denied the right of appellate review if he mails his notice of appeal or petition for writ in time to reach the appellate court, in the

ordinary course of the mails, within the time specified by court rule or statute, but the notice or petition arrives late because of postal delay. The petitioner pointed out that if the rule limiting the time for appeal or petition is enforced strictly without allowance for postal delays, persons residing in areas remote from the court will, as a practical matter, have a much shorter period in which to prepare and file a notice of appeal or petition for writ than persons residing close to the court, since they will have to allow extra time for such delays, or else take the considerable time needed to personally deliver their notices. We have heretofore noted the inequity of such a harsh application, and have permitted a case to be heard even though the notice of appeal was filed 1 day late, where it was not disputed that the delay was attributable to the postal authorities and not to the negligence of the petitioner. We have come to the conclusion that this should be the general rule and that the petitioner should have the advantage of it in this case.

 The petitioner has raised in this court, as she did in her original petition to the Court of Appeals, a contention that the Superior Court for Douglas County did not have jurisdiction of this dependency proceeding because her child was not "within the county" of Douglas. She acknowledges that the child was physically within the county, but maintains that because she was there as a visitor, with the petitioner's consent, she was not subject to the jurisdiction of the Douglas County Superior Court.

RCW 13.04.060 provides:

> Any person may file with the clerk of the superior court a petition showing that there is within the county, or residing within the county, a dependent or delinquent child and praying that the superior court deal with such child as provided in this chapter: . . .

The petitioner's view is that this statute can be utilized only if the child is residing within the county. We think, however, that the manifest legislative intent is to give the Superior Court jurisdiction, where a child is physically

within the county, regardless of where its parents reside, provided the child is in fact dependent or delinquent as those statuses are defined in the statute. The question of dependency must be determined after the matter comes before the court, and the fact that the child was within the county as a visitor and was being properly cared for would be relevant upon that question. But if the child is within the county and the petition alleges dependency, the court acquires jurisdiction to determine whether such dependency exists.

The petitioner urges that King County, where she resides, is a more appropriate place to try the issue of dependency. This of course is a consideration which goes to the question of venue, rather than jurisdiction. If the matter was raised before the Superior Court at the dependency hearing, the court's ruling can be reviewed by the Court of Appeals, to which we remand this case for consideration of the petitioner's original writ upon the merits.

It is so ordered.

HALE, C.J., and FINLEY, HUNTER, HAMILTON, STAFFORD, WRIGHT, UTTER, and BRACHTENBACH, JJ., concur.