[No. 1301-3. Division Three. January 24, 1975.]

*In the Matter of the Welfare of* TANYA LYNN MAURER *et al.*

GEORGE MAURER *et al., Petitioners,* v. THE SUPERIOR COURT FOR STEVENS COUNTY *et al., Respondents.*

*Jerry A. Votendahl,* for petitioners.

*Fred L. Stewart, Prosecuting Attorney, Slade Gorton, Attorney General,* and *Ted R. Willhite* and *Scott C. Neilson, Assistants,* for respondents.

MUNSON, J.—Petitioners, George and Gladys Maurer, seek a writ of certiorari to review a deprivation order placing their grandchildren[1] with the Department of Social and Health Services (DSHS) for adoption.

Tanya Maurer and William Randolph Moore were originally made dependent wards of the Stevens County Juvenile Court on December 12, 1973, and March 13, 1974, respectively. They were placed in the custody of the Director of the Juvenile Court and under the supervision and control of DSHS. On May 14, the Juvenile Court Director petitioned for permanent deprivation of all parental rights. Notice was personally served upon the younger child's father and by publication upon the older child's putative father and the children's mother. The hearing was set for June 6.

The petitioners, residents of California, were informed of the deprivation hearing by a friend. About June 1, they came to the state of Washington. On June 4, they solicited the advice of a Walla Walla attorney, who suggested they obtain Stevens County counsel. The petitioners unsuccessfully attempted to do so and subsequently requested the Walla Walla attorney to represent them.

On June 5, petitioners' counsel contacted the Stevens County prosecutor advising him of the petitioners' interest in the custody of the children; upon request, the prosecutor agreed to seek a continuance. On June 6, the prosecutor informed the court, prior to hearing, of his contact with petitioners' counsel and the request for a continuance, but

---

[1]The petitioners are the maternal grandmother and stepgrandfather of the two minor children who are the subject of the order.

the court denied the request. The hearing proceeded, the parents not having appeared, and culminated in the court orally ordering ·deprivation. In the meantime, a motion for continuance, a petition for custody, and a memorandum of authorities were mailed by petitioners' counsel to the Stevens County Clerk with a request that they be filed and brought to the attention of the presiding court. The documents were received and filed June 6, but apparently after the hearing had been held. The written motion for continuance was never ruled on. A written order of deprivation was filed June 21. On August 7, petitioners moved to vacate or in the alternative to modify the order. The motion was argued September 26 and denied.

The sole issue is whether the court erred in refusing to continue the hearing of June 6 to allow petitioners to present evidence of their fitness to have custody of these children.

As recognized by the trial court, a deprivation proceeding is comprised of two phases: First, the abrogation of parental rights and, second, the disposition of the children. With regard to the first phase, petitioners' counsel admitted in oral argument that they do not challenge the propriety of the court's action in proceeding with the scheduled hearing on deprivation. Petitioners, not having legal or physical custody of the children, were not necessary parties. RCW 13.04.140. However, with regard to the second phase, custody, the primary duty of the court is the welfare of the children. *DeVore v. Superior Court,* 71 Wn.2d 745, 430 P.2d 983 (1967); *Todd v. Superior Court,* 68 Wn.2d 587, 591, 414 P.2d 605 (1966). Petitioners and their counsel should have personally appeared before the court on June 6, requested the continuance, and been prepared to show its necessity. However, the filing of the motion for continuance and petition for custody, 15 days prior to the signing of a final order, was timely and brought the matter of the continuance properly before the court, *Felsman v. Kessler,* 2 Wn. App. 493, 468 P.2d 691 (1970); a hearing on that issue should have been held.

■ There is nothing in the record to reflect petitioners' respective ages, backgrounds or other possible qualifications other than an obvious interest in the welfare of the children. It is in the best interest of the children that petitioners be heard as to their fitness, and the propriety of placing the children in their custody, *In re Sego,* 82 Wn.2d 736, 513 P.2d 831 (1973); *Moore v. Burdman,* 84 Wn.2d 408, 526 P.2d 893 (1974); *In re Luscier,* 84 Wn.2d 135, 524 P.2d 906 (1974), before summarily granting custody to those other than blood relatives, *State ex rel. Michelson v. Superior Court,* 41 Wn.2d 718, 251 P.2d 603 (1952).

Therefore, the writ is issued and that portion of the June 21, 1974, order placing the children in the custody of DSHS *for the purpose of adoption* is vacated and the cause is remanded to the Stevens County Superior Court for a hearing in accordance with this opinion. Custody of the children pending such hearing shall remain with DSHS.

McINTURFF, C.J., and GREEN, J., concur.