[No. 1797-3.    Division Three.    May 17, 1976.]

*In the Matter of the Welfare of* PERRY COLE, ET AL. THE STATE OF WASHINGTON, *Respondent,* v. GLORIA RODRIGUEZ, *Petitioner.*

*Richard Smith* of *Ben Franklin Legal Aid Association* and *Donald W. Schacht,* for petitioner.

*Arthur R. Eggers, Prosecuting Attorney,* and *John S. Biggs, Deputy,* for respondent.

MUNSON, J.—Petitioner, Gloria Rodriguez, seeks a writ of certiorari to review an order permanently depriving her of the continued care, custody, and control of her two minor children, Perry Cole and Robert Louis Cole. The petition was not timely filed and there being no valid reason to waive the jurisdictional requirement, this court is without jurisdiction.

On October 22, 1974, a petition was filed which asserted Perry Cole was a dependent child and indicated permanent deprivation might be sought. At a hearing on March 27, 1975, temporary custody was continued and a program established to educate petitioner in her obligations as a parent and homemaker. On May 21, 1975, a permanent deprivation petition was filed, alleging Robert Louis Cole was a dependent child, and a hearing was set for June 11. Petitioner failed to appear on that date; the matter was continued until July 9, 1975, and consolidated with the case of Perry Cole. Petitioner appeared at that hearing, accompanied by a court-appointed guardian ad litem and counsel; testimony was taken; and the court orally announced its order of permanent deprivation of both children.

Petitioner served her motion for new trial July 25, 1975, 16 days following entry of the court's oral decision. There is no explanation given for the delay in excess of 5 days[1] as

---

[1] We do not decide whether *Devine v. Goggin,* 69 Wn.2d 144, 146, 417 P.2d 606 (1966), allowing extension time for good cause shown pursuant to RCW 4.32.250 has been overruled by the adoption of CR 6(b) in 1967. It would appear that it has, at least in part, been overruled and further that RCW 4.32.250 has been partially superseded, not only by CR 6(b), but by *Moore v. Burdman,* 84 Wn.2d 408, 526 P.2d 893 (1974). RCW 4.32.250 states:

A notice or other paper is valid and effectual though the title of the action in which it is made is omitted, or it is defective either in respect to the court or parties, if it intelligently refers to such action or proceedings; and in furtherance of justice upon proper terms, any

required by CR 59(b)[2]. The motion contains 7 of the 9 grounds set forth in CR 59(a), excluding only the amount of recovery, and that substantial justice had not been done. The record does not reflect that this motion was ever noted or argued prior to or at the time of entry of the written order of deprivation, September 15, 1975. The signature of petitioner's counsel, however, appears on the written order of deprivation.

No further action was taken until petitioner's counsel withdrew in November 1975. Apparently this withdrawal brought to the respondent's attention the fact that no disposition had been made of petitioner's motion for new trial. Respondent then moved to dismiss the motion for failure to comply with CR 59(b); an order granting the dismissal was entered December 14, 1975, nunc pro tunc. On December 24, 1975, 100 days after entry of the order of deprivation, petitioner filed this petition.

---

other defect or error in any notice or other paper or proceeding may be amended by the court, and any mischance, omission or defect relieved within one year thereafter; and the court may enlarge or extend the time, for good cause shown, within which by statute any act is to be done, proceeding had or taken, notice or paper filed or served, or may, on such terms as are just, permit the same to be done or supplied after the time therefor has expired, except that the time for bringing a writ of error or appeal shall in no case be enlarged, or a party permitted to bring such writ of error or appeal after the time therefor has expired.

CR 6(b):

When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion, (1) with or without motion or notice, order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or, (2) upon motion made after the expiration of the specified period, permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rules 50(b), 52(b), 59(b), 59(d), and 60(b).

[2]CR 59(b):

"A motion for reconsideration and/or for a new trial may be served and filed after the verdict is received in a case tried by a jury or after the oral or written decision in a case tried to the court. No motion for reconsideration or for a new trial may be served more than 5 days after the entry of the verdict or oral or written decision."

The motion for new trial, having been served 16 days after the court's oral opinion with no explanation for delay, was not timely; nor does the record reflect, notwithstanding this untimeliness, that the court heard the motion prior to or at the entry of the order of deprivation.

■ CR 59(b) states: "No motion for reconsideration or for a new trial may be served more than 5 days after the entry of the verdict or oral or written decision." Furthermore, CR 6(b) prohibits the enlargement of the time for filing a motion for new trial. *Moore v. Wentz*, 11 Wn. App. 796, 525 P.2d 290 (1974). Clearly, petitioner's motion for new trial was not timely filed; no application for writ of certiorari having been filed in this court within 15 days after entry of the order of deprivation on September 15, 1975, this court has no jurisdiction to hear the writ.[3] RCW 4.32.250. (See footnote 1.)

■ Unless other arrangements have been made between counsel and the court, the failure to argue a motion for new trial by the time judgment is entered will constitute an abandonment of the motion. In this case abandonment is further indicated when petitioner's trial counsel withdrew 2 months after entry of the final order without noting or arguing the motion.

The petitioner cannot unduly extend the time for filing a petition for writ of certiorari by failing to note and argue her motion for new trial and then petition from an order dismissing the untimely motion. We find that the trial court properly dismissed the motion for new trial due to petitioner's failure to comply with CR 59(b).

Furthermore, based upon this petition, we do not deem this an exceptional case wherein justice demands the juris-

---

[3] CAROA 57(e)(1): "A petition for a writ must be filed in the office of the clerk of the court of appeals within fifteen days after the determination in question has been made by the superior court, except as otherwise provided by RCW 8.04.070 for the review of a certificate of public use and necessity. Unless petitioner proceeds forthwith to present the petition to the chief judge ex parte or notes it for presentment within a reasonable time after filing, the court may dismiss the petition for want of prosecution."

464

dictional requirement of CAROA 57(e)(1) be waived. *Moore v. Burdman*, 84 Wn.2d 408, 526 P.2d 893 (1974).

Judgment affirmed.

McINTURFF, C.J., and GREEN, J., concur.

Petition for rehearing denied June 23, 1976.

' Review denied by Supreme Court October 19, 1976.