IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| SHANE CRIDDLE, and TARA CRIDDLE, individually and as a marital community, | ) ) ) ) | No. 39726-2-III |
| Respondents, | ) ) | |
| v. | ) ) | |
| FLATWORKS LLC, a Washington limited liability company; AMERICAN CONTRACTORS INDEMNITY COMPANY (Bond Account No. 100132697), a California Corporation, | ) ) ) ) ) ) | UNPUBLISHED OPINION |
| Defendants, | ) ) | |
| JUSTIN WOODROW GLENN, an individual and JANE DOE GLENN, an individual and jointly as a marital community, | ) ) ) ) ) | |
| Appellants. | ) | |

LAWRENCE-BERREY, C.J. — Justin Glenn appeals the trial court's order denying various forms of postjudgment relief. The trial court denied relief because Glenn's motion was untimely—filed 14 days after entry of judgment.

Glenn argues his motion was timely, or alternatively, the trial court erred by not extending the time for filing his motion. His arguments are inconsistent with controlling authority. We affirm the trial court and, in accordance with RCW 19.86.090, award Shane Criddle and Tara Criddle their costs on appeal, including their reasonable attorney fees.

FACTS

Shane and Tara Criddle filed suit against Flatworks, LLC, Justin Woodrow Glenn, Jane Doe Glenn, and American Contractors Indemnity Company. The claims relate to construction work Flatworks failed to perform or performed improperly, despite assurance to the Criddles.

The case was tried to a jury, which returned verdicts in favor of the Criddles and against Glenn for unjust enrichment, negligent misrepresentation, conversion, and violation of chapter 19.86 RCW, the Consumer Protection Act. The jury awarded $42,430.66 in damages.

Following trial, the Criddles moved for entry of judgment on the verdict pursuant to CR 54(e). On February 24, 2023, the trial court held a hearing on the motion. At the hearing, defense counsel opposed entry of judgment, arguing (1) the trial court was required to enter findings of fact and conclusions of law, (2) the Criddles failed to substantially prevail on their claims, (3) the Criddles' request for attorney fees was

disproportionate to the claims they prevailed on, and (4) the motion was not called in ready under former LCR 40(b)(9)(E) (2022).

The trial court took the motion under advisement and told the parties it would expedite its review and enter judgment so the parties could file any posttrial motions. The court explained that any posttrial motions could be filed once it entered the judgment.

On February 27, the trial court entered a letter decision and judgment in accordance with CR 54 and CR 58, and mailed courtesy copies to the parties. On February 28, counsel for Glenn checked the court records online and learned that an "order" had been entered the day before and requested a copy of it from the clerk's office. Clerk's Papers (CP) at 107.

On March 13, 14 days after entry of judgment, Glenn filed a "Motion for Judgment Notwithstanding the Verdict, Reconsideration, and Other Relief" pursuant to CR 50(b) and CR 59. CP at 1-54. The Criddles responded to the motion, arguing in part, that it was untimely and abandoned because it was filed 4 days after the 10-day deadline prescribed by CR 50(b) and CR 59. The trial court denied the motion as untimely.

Glenn appeals.

ANALYSIS

SERVICE OF JUDGMENT & POSTTRIAL MOTION DEADLINES

Glenn contends (1) he was entitled to an extension of time for filing his motion, or alternatively, (2) the trial court was obligated to serve the judgment on the parties, thus adding 3 days in accordance with CR 6(e) to his 10-day time line for filing his motion. We disagree.

*Standard of review*

The application of court rules to a particular set of facts is a question of law that we review de novo. *In re Firestorm 1991*, 129 Wn.2d 130, 135, 916 P.2d 411 (1996); *Brower v. Pierce County*, 96 Wn. App. 559, 562, 984 P.2d 1036 (1999).

*1.     The trial court could not extend the filing deadline*

CR 50 governs motions for judgment as a matter of law in jury trials. A CR 50(b) motion must be filed "no later than 10 days after entry of judgment." CR 59 governs new trials, reconsideration, and amendment of judgments. A CR 59 motion "shall be filed not later than 10 days after entry of the judgment." CR 59(b).

Judgments shall be deemed entered for all procedural purposes from the time of delivery to the clerk for filing. CR 58(b). Postjudgment motions must be filed within the prescribed 10-day deadline after entry of judgment, otherwise they are untimely and abandoned. *See In the Matter of the Welfare of Cole*, 15 Wn. App. 460, 461-63, 550 P.2d

4

23 (1976) (applying CR 59(b)'s former 5-day deadline). Nothing in the rules required the court to serve the judgment on the parties. Thus, Glenn's deadline for filing his postjudgment motion was March 9, four days before his March 13 filing.

CR 6(b) permits courts to extend time lines imposed by the civil rules for cause, but expressly prohibits extensions of time for the taking of any action under CR 50, CR 52, CR 59, and CR 60. *See Moore v. Wentz*, 11 Wn. App. 796, 799, 525 P.2d 290 (1974). Because the trial court could not extend the rules' 10-day limit, we conclude it did not err in determining that the motion was untimely.

2.      *The CR (6)(e) three-day mailing extension did not apply*

Glenn argues the trial court should have added 3 days to the 10-day time line in accordance with CR 6(e) because it served the judgment on the parties by mail. He argues that because the 13th day fell on a Sunday, his filing of the motions on the following Monday was timely. We disagree with both arguments.

CR 6(e) provides:

> **Additional Time After Service by Mail.** Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party by mail, 3 days shall be added to the prescribed period.

5

By its plain language, CR 6(e) applies only when a party has a right to do some act "after the service of a notice or other paper." As noted previously, the judgment was effective upon filing and nothing in the rules required it to be served on the parties.

Even were we to decide this first argument in Glenn's favor, he would lose his second argument. The third day after entry of the February 27 judgment was March 2. Ten days after March 2 was March 12. March 12 was a Sunday. The rule that permits a deadline to extend to the next day that is not a weekend or holiday applies only to actions that must be taken within 7 days. CR 6(a). That rule has no application here, to the 10-day rules. Even were we to add 3 days for mailing, because Glenn failed to file his postjudgment motion by March 12, his motion would be deemed untimely.

3.      *Miscellaneous arguments*

Glenn contends, for the first time on appeal, the trial court had the ability to provide equitable remedies and erroneously failed to do so. Generally, we decline to review a claim of error that was not raised in the trial court. RAP 2.5. Glenn did not ask the trial court to equitably extend the time line for the filing of his postjudgment motion. Accordingly, we decline to review his argument.

Glenn asserts, without providing any reasoned argument or authority, that his constitutional due process rights were violated by the court's entry of judgment without notice. First, Glenn's counsel admitted she was aware on February 28 that an "order"

6

had been entered on February 27. A casual review of the civil rules would confirm that any postjudgment motion would be due 10 days later, by March 9. We see no due process violation. Regardless, "[p]assing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration." *Holland v. City of Tacoma*, 90 Wn. App. 533, 538, 954 P.2d 290 (1998).

Lastly, Glenn argues the Criddles failed to confirm with defense counsel that their motion for entry of judgment on the verdict was ready, violating Spokane County Superior Court former LCR 40(b)(9)(E). This argument does not pertain to the timeliness of his posttrial motion.

> 4. *Costs and reasonable attorney fees*

The Criddles, having prevailed on appeal, request costs and reasonable attorney fees. The bases of their request are RCW 19.86.090 and RAP 18.9. We deem the first basis sufficient and decline to address the second.

RCW 19.86.090 authorizes an award of costs, including reasonable attorney fees, for parties who prevail on appeal on their consumer protection claim. *Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp.*, 122 Wn.2d 299, 334-35, 858 P.2d 1054 (1993). Because the Criddles prevailed and requested this relief in a separate portion of their brief, RAP 18.1(a), we award them their costs and reasonable attorney fees on appeal.

7

No. 39726-2-III
*Criddle v. Flatworks*

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Lawrence-Berrey, C.J.

WE CONCUR:

_____
Fearing, J.

_____
Pennell, J.

8