IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | |
|---|---|
| In the Matter of the Custody of: | No. 39547-2-III |
| C.S.† | |
| WAYNE JANKE and DORIS STRAND, | |
| Respondents, | UNPUBLISHED OPINION |
| and | |
| RONALD SIMON and TERESA SIMON, | |
| Appellants. | |

LAWRENCE-BERREY, C.J. — Ronald Simon and Teresa Simon appeal the trial court's January 20, 2023 order denying their requests to vacate the December 16, 2022 amended order and stay related proceedings. The Simons are correct that the trial court abused its discretion by denying their motion on a basis not supported by the record. Nevertheless, placing substance over form, we affirm on the basis that the Simons do not contend that the December 16, 2022 amended order is incorrect.

---

† To protect the privacy interests of the minor child, we use their first and last initial in the caption. Gen. Order 2012-1 of Division III, *In re the Use of Initials or Pseudonyms for Child Victims or Child Witnesses*, (Wash. Ct. App. June 18, 2012), https://www.courts.wa.gov/appellate_trial_courts/?fa=atc.genorders_orddisp&ordnumber=2012_001&div=III.

No. 39547-2-III
*In re Custody of C.S.*

FACTS

Previously, Ronald Simon and Teresa Simon appealed the trial court's order striking their CR 60 motion and its imposition of CR 11 sanctions. We affirmed the trial court's striking of their CR 60 motion, but reversed the sanctions order without prejudice because it lacked sufficient findings of fact.

On November 16, 2022, Doris Strand noted for presentation her amended order striking the Simons' CR 60 motion and imposing CR 11 sanctions. On that date, Strand mailed to the Simons the notice of presentment and the proposed amended order. The notice reflected a presentment date of December 16, 2022.

On December 16, 2022, the trial court signed the amended order. The order reflected that the Simons received notice of presentment but did not appear.

On December 27, 2022, the Simons filed a motion to vacate the December 16, 2022 order, to grant a new hearing, and to stay proceedings until the new hearing. In a declaration supporting their motion, they explained that they and nearby neighbors had not received mail service since mid-November, and that they had made complaints to the postal service about this. They argued lack of service deprived the trial court of jurisdiction to enter the order. They did not argue that the order itself was incorrect.

The trial court heard the Simons' motion on January 20, 2023. The court's comments reflect its belief that the Simons had not denied they received mail, but had

2

only asserted that one of their neighbors had not received mail. On that basis, apparently, the court denied the Simons' motion.

The Simons timely appealed.

ANALYSIS

This court reviews a trial court's denial of a CR 60 motion to vacate for abuse of discretion. *Jones v. City of Seattle*, 179 Wn.2d 322, 337, 314 P.3d 380 (2013). A trial court operates within its discretion when its findings derive from the factual record, its conclusions apply sound law, and its decisions are not manifestly unreasonable. *Gildon v. Simon Prop. Grp., Inc.*, 158 Wn.2d 483, 494, 145 P.3d 1196 (2006).

Here, the trial court abused its discretion when it misunderstood the factual record. Specifically, the undisputed evidence is that *both* the Simons and their neighbor failed to receive mail during the relevant period. Nevertheless, we may affirm a trial court on any correct basis argued by the parties. *Anaya Gomez v. Sauerwein*, 180 Wn.2d 610, 624-26, 331 P.3d 19 (2014).

Strand argues the Simons' appeal places form over substance, and that the amended order is appropriate because the Simons "have provided no evidence that the court order would have been different if they had appeared" at the December 16, 2022 hearing. Br. of Resp't at 7. We agree.

3

Whenever possible, the rules of civil procedure should be applied so substance prevails over form. *First Fed. Sav. & Loan Ass'n of Walla Walla v. Ekanger*, 93 Wn.2d 777, 781, 613 P.2d 129 (1980). CR 60(b) prescribes bases and timelines for parties to request relief from *erroneous* judgments and orders. As a matter of substance then, a motion to vacate an order should explain in what manner the judgment or order is erroneous. Because the Simons failed to explain how the December 16, 2022 amended order is erroneous, we affirm the trial court on this alternative basis.[1]

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Lawrence-Berrey, C.J.

WE CONCUR:

Pennell, J.

Staab, J.

---

[1] On appeal, the Simons assign error to three findings of fact supporting the trial court's December 16, 2022 order. However, they fail to include any argument in their brief addressing these purported errors. "A party that offers no argument in its opening brief on a claimed assignment of error waives the assignment." *Brown v. Vail*, 169 Wn.2d 318, 336 n.11, 237 P.3d 263 (2010).

The Simons also argue that their failure to be notified of the December 16, 2022 hearing deprived them of their opportunity to be meaningfully heard. We disagree. The Simons had an opportunity to be meaningfully heard by raising their concerns in their CR 60 motion.

4