17 P.3d 653 (2001)
104 Wash.App. 657
STATE of Washington, Respondent,
v.
Cynthia Lynn ROBINSON (aka Cynthia Root), Appellant.
No. 46141-9-I.
Court of Appeals of Washington, Division 1.
January 29, 2001.
Reconsideration Denied March 26, 2001.
*655 Jean Schiedler-Brown, Darrell Lahtinen, Seattle, for Appellant.
Erik Pedersen, Skagit County Pros. Atty. Office, Mount Vernon, for Respondent.
*654 KENNEDY, J.
The Skagit County Superior Court declined to consider the merits of Cynthia Lynn Robinson's motion to withdraw guilty plea because the motion was filed more than one year after the date of the judgment and sentence, contrary to the time limitation for collateral attacks contained in RCW 10.73.090. Robinson appeals, contending (1) *656 that the one-year time limit does not apply to her motion because the judgment and sentence is invalid on its face; (2) that if the one-year time limit does apply, her motion should be treated as timely filed because it was sent by priority mail three days before the expiration of the limitation period and the prosecutor's copy of the motion, which was sent by priority mail at the same time, was timely received; (3) that she substantially complied with the time limit by sending the motion by priority mail three days before the expiration of the limit; (4) that the time limit should be equitably tolled in the interests of justice; and (5) that equal protection and due process require that her motion be heard on its merits. We reject each of these contentions and affirm the trial court's ruling.

FACTS
On July 16, 1998, Robinson pleaded guilty to charges of robbery in the first degree with a deadly weapon enhancement, burglary in the first degree, and kidnapping in the first degree. The second amended information described the deadly weapon as a "knife having a blade longer than three inches, which has the capacity to inflict death and from the manner in which it is used, is likely to produce or may easily and readily produce death, a violation of RCW 9.94A.125 and 9.94A.310." Clerk's Papers at 22.
In the judgment and sentence, the court made a special finding on the deadly weapon enhancement as required by RCW 9.94A.125. The judgment and sentence also informed Robinson that any collateral attack on the judgment would be subject to RCW 10.73.090 and RCW 10.73.100. Robinson received the top of the standard sentencing ranges on all counts. Judgment was entered on July 16, 1998.
Robinson subsequently filed a motion to withdraw plea of guilty, alleging that she had received ineffective assistance of counsel at the time of her plea and that the deadly weapon enhancement conviction was void. The State responded that Robinson's motion was time barred by court rule and statute because it was filed more than one year after entry of the judgment and sentence.
Robinson sent the motion to the clerk by priority mail on Wednesday, July 13, 1999, and on same day she sent a copy of the motion to the prosecutor, also by priority mail. The prosecutor, whose office is adjacent to the Skagit County Courthouse, received his copy on Friday, July 16, 1999. The Skagit County Clerk file-stamped the motion on Monday, July 19, 1999.
The trial court denied Robinson's motion without considering the merits, ruling that her motion was untimely because it was filed more than one year after final judgment was entered. The court also denied Robinson's motion for reconsideration. This appeal followed.

DISCUSSION
Robinson moved to withdraw her guilty plea based on CrR 7.8. This rule allows the court to relieve a party from a final judgment, order, or proceeding if, inter alia, the judgment is void, or for any other reason justifying relief from the operation of the judgment. CrR 7.8 further states that such motion for relief "shall be made within a reasonable time ... and is further subject to RCW 10.73.090, .100, .130, and .140."
RCW 10.73.090 imposes a one-year time limit on petitions or motions for collateral attack, including motions to vacate judgment and motions to withdraw guilty pleas. RCW 10.73.090(1) states: "No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction." This time limitation "is a mandatory rule that acts as a bar to appellate court consideration" of collateral attacks, unless the petitioner shows that an exception under RCW 10.73.100 applies. Shumway v. Payne, 136 Wash.2d 383, 397-98, 964 P.2d 349 (1998).
RCW 10.73.100 enumerates exceptions to the one-year time limit if the motion alleges (1) newly discovered evidence; (2) a statute that is unconstitutional on its face or as applied to the defendant; (3) double jeopardy; *657 (4) insufficiency of the evidence; (5) a sentence in excess of the court's jurisdiction; or (6) a significant change in the law that is material to the conviction, sentence, or other order. In light of these explicit statutory exceptions, our Supreme Court has cautioned that a reviewing court should not look behind the judgment of a court of competent jurisdiction unless expressly permitted to do so by the Legislature. See In re Personal Restraint of Runyan, 121 Wash.2d 432, 442-44, 853 P.2d 424 (1993).
A trial court's CrR 7.8(b) decision is reviewed for abuse of discretion. State v. Olivera-Avila, 89 Wash.App. 313, 317, 949 P.2d 824 (1997) (citing State v. Ellis, 76 Wash.App. 391, 394, 884 P.2d 1360 (1994)).
We first examine Robinson's contention that her judgment and sentence is invalid on its face. Robinson claims that the sentencing court did not enter a finding of fact that she was armed with a deadly weapon at the time of the robbery as required by RCW 9.94A.125.[1] She reasons that her due process rights were thereby violated and that RCW 10.73.100(2) applies. She also contends that the portions of the record that were considered by the sentencing court would not support such a finding, if the court had made one.
Under RCW 10.73.100(2), the one-year time limit under RCW 10.73.090 does not apply to a petition or motion that is based solely on the claim that "[t]he statute that the defendant was convicted of violating was unconstitutional on its face or as applied to the defendant's conduct[.]" Although Robinson does not challenge the constitutionality of the deadly weapon enhancement statute, she does argue that the statute was unconstitutionally applied to her conduct because the court failed to make the necessary finding to support the deadly weapon sentence enhancement. Under RCW 10.73.100(4) the one-year time limit also does not apply if the motion is based solely on a claim of insufficiency of the evidence. Robinson also claims that the portions of the record considered by the sentencing court are insufficient to support a deadly weapon finding, if one had been made.
As a preliminary matter, since RCW 10.73.100 states that RCW 10.73.090 does not apply to petitions or motions "based solely" on the enumerated grounds, Robinson's RCW 10.73.100(2) contention could only extend to the portions of her motion that request that the judgment and sentence be vacated because the sentencing court failed to make a deadly weapon finding as required by RCW 9.94A.125 and that challenge the sufficiency of the evidence to support such a finding in any event. Her other basis for the motion, ineffective assistance of counsel, does not fit under any provisions of RCW 10.73.100.
While Robinson bases her argument on RCW 10.73.100(2), it is not necessary to reach that provision, as the one-year time limit under RCW 10.73.090 only applies in the first place "if the judgment and sentence is valid on its face[.]" See In re Personal Restraint of Thompson, 141 Wash.2d 712, 718, 10 P.3d 380 (2000) ("Instead of determining whether Thompson's petition fits under the RCW 10.73.100(2) exception to the one-year limit, we instead [sic] discuss whether pursuant to RCW 10.73.090 the judgment and sentence was valid on its face.") "`Constitutionally invalid on its face' means a conviction which without further elaboration evidences infirmities of a constitutional magnitude.'" Id. (quoting State v. Ammons, 105 Wash.2d 175, 188, 713 P.2d 719, 718 P.2d 796 (1986)). "The phrase `on its face' has been interpreted to mean those documents signed as part of a plea agreement." Id. (citing State v. Phillips, 94 Wash. App. 313, 317, 972 P.2d 932 (1999)).
Robinson's judgment is valid on its face. The judgment and sentence she signed states that the court made a finding on the deadly weapon enhancement as required by RCW 9.94A.125. That finding is supported by the *658 affidavit of probable cause which described the knife as a "long filet type knife with a plastic handle" and by Robinson's statement on plea of guilty in which she admitted that she took money from a person by threat or force while armed with a "knife (deadly weapon.)" The second amended information included an allegation that Robinson committed an offense with "a knife having a blade longer than three inches[.]" In addition, Robinson received notice in the judgment and sentence, as required by RCW 10.73.110, that any collateral attack on the judgment was subject to the limitations of RCW 10.73.090 and RCW 10.73.100. Robinson's motion to withdraw her plea and to vacate the judgment and sentence is thus subject to the one-year limitation.
Robinson next contends that her motion should be treated as timely filed under Moore v. Burdman, 84 Wash.2d 408, 413-14, 526 P.2d 893 (1974). Moore held that a notice of appeal that is mailed in sufficient time to ordinarily reach an appellate court within the time set by statute or court rule, but that arrives one day late solely due to delay caused by postal authorities, is to be considered despite such delay Moore involved a petition for writ of habeas corpus to secure child custody, not a collateral attack on a final judgment in a criminal case. In making its decision, the Moore Court noted that "[t]he interest of a parent in the custody and control of his minor child has long been recognized ... as a sacred right." Id. at 411, 526 P.2d 893 (citing In re Welfare of Luscier, 84 Wash.2d 135, 524 P.2d 906 (1974)). In contrast, our Supreme Court has noted that "[criminal] collateral relief undermines the principles of finality of litigation, degrades the prominence of the trial, and sometimes costs society the right to punish admitted offenders." In re Personal Restraint of Hews, 99 Wash.2d 80, 86, 660 P.2d 263 (1983). Moreover, courts do not have the authority to waive statutory limitation periods, as opposed to time limits set down in court rules. See Shumway, 136 Wash.2d at 399, 964 P.2d 349.
We reject Robinson's request that we fashion a rule that a motion that is mailed for filing be considered timely filed if the mailing is post-marked at least three days before the filing deadline. CrR 8.4 provides that CR 5 shall govern service and filing of written motions in criminal proceedings. CR 5(b)(2)(A) contains a provision that service by mail shall be deemed complete on the third day following proper mailing, but CR 5(e) which defines filing with the court contains no such provision. Instead, CR 5(e) provides that filing "shall be made by filing [pleadings and other papers] with the clerk of the court, except that the judge may permit the papers to be filed with him or her, in which event the judge shall note thereon the filing date and forthwith transmit them to the office of the clerk." Rulemaking is a function of our state Supreme Court and not of this intermediate appellate court. We cannot rewrite CR 5(e).
Robinson next contends that the trial court should have considered the merits of her motion under the doctrine of substantial compliance, in that she substantially complied with RCW 10.73.090 by mailing the motion by priority mail three days before the expiration of the time limit for filing the motion. Robinson cites Graves v. Vaagen Bros. Lumber, Inc., 55 Wash.App. 908, 781 P.2d 895 (1989), and Black v. Department of Labor & Indus., 131 Wash.2d 547, 933 P.2d 1025 (1997), in support of her argument. In Graves, the court found that the appellant substantially complied with a 30-day filing requirement where he mailed the notice of appeal before the deadline and there was no prejudice to the other party. In Black, the Court held that service of notice of appeal on an assistant attorney general substantially complied with the requirement that notice be served on the Department of Labor and Industries.
The cases Robinson relies on deal with perfection of appeal, not with a time limit on collateral attack. No Washington case has held that substantial compliance applies in the context of collateral attacks to bar the one-year time limit of RCW 10.73.090. "Substantial compliance has been defined as actual compliance in respect to the substance essential to every reasonable objective of the statute." In re Santore, 28 *659 Wash.App. 319, 327, 623 P.2d 702 (1981) (citing Stasher v. Harger-Haldeman, 58 Cal.2d 23, 29, 372 P.2d 649, 22 Cal.Rptr. 657, 660 (1962)). In the cases Robinson cites, the paramount concern was that "`appeals ... proceed to a hearing on the merits in the absence of serious prejudice to other parties.' " Black, 131 Wash.2d at 552, 933 P.2d 1025 (quoting Hoirup v. Empire Airways, Inc., 69 Wash.App. 479, 483, 848 P.2d 1337 (1993)). In contrast, the Court has noted that "the very purpose of RCW 10.73.090 ... is to encourage prisoners to bring their collateral attacks promptly." In re Personal Restraint of Runyan, 121 Wash.2d at 450, 853 P.2d 424.
Additionally, in City of Seattle v. Public Employment Relations Comm'n, 116 Wash.2d 923, 928-29, 809 P.2d 1377 (1991), a case involving a 30 day time requirement for service, the Court noted that "[i]t is impossible to substantially comply with a statutory time limit[.] ... It is either complied with or it is not. Service after the time limit cannot be considered to have been actual service within the time limit." Similarly, we conclude that filing after a statutory time limit cannot be considered to have been actual filing within the time limit.
Robinson claims next that the one-year time limit of RCW 10.73.090 should be equitably tolled because she "diligently pursued her cause and but for either the lateness of the mail or the failure of the clerk to stamp the motion as filed, she would have filed the motion before the expiration date." Brief of App. at 18.
Equitable tolling "permits a court to allow an action to proceed when justice requires it, even though a statutory time period has nominally elapsed." State v. Duvall, 86 Wash.App. 871, 874, 940 P.2d 671 (1997), review denied, 134 Wash.2d 1012, 954 P.2d 276 (1998). "Appropriate circumstances generally include `bad faith, deception, or false assurances by the defendant, and the exercise of diligence by the plaintiff.'" Id. at 875, 940 P.2d 671 (quoting Finkelstein v. Security Properties, Inc., 76 Wash.App. 733, 739-40, 888 P.2d 161 (1995). "`Courts typically permit equitable tolling to occur only sparingly, and should not extend it to a garden variety claim of excusable neglect.'" Id. (quoting Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990))).
In Duvall, this court found that a 60 day time limit to determine restitution was equitably tolled where the court justifiably relied on a false assurance that defendant had agreed to a restitution amount and thus waived his presence in the first restitution hearing, the defendant was not prejudiced by the delay of conducting a second hearing, and the State acted with due diligence and in good faith. 86 Wash.App. at 875, 940 P.2d 671. In In re Personal Restraint of Hoisington, 99 Wash.App. 423, 993 P.2d 296 (2000), the court applied the doctrine to toll the one-year time limit of RCW 10.73.090. In that case, Hoisington pleaded guilty under an agreement that incorrectly stated that the charged crime was a class B felony rather than a class A felony. Id. at 425, 993 P.2d 296. Because of the mutual misunderstanding, the appropriate remedy was to grant Hoisington a choice between specifically enforcing the agreement or withdrawing the guilty plea. Id. at 428, 993 P.2d 296. Hoisington had raised the issue of specific enforcement on direct appeal, but the court failed to address the claims. Id. at 430, 993 P.2d 296. Because Hoisington acted with due diligence and the court was at fault for not addressing his claims, the Hoisington court equitably tolled the one-year time limit. Id. at 431-32, 993 P.2d 296.
Robinson's situation does not support application of equitable tolling. Although Robinson hypothesizes that the county clerk may not have file-stamped the motion on the day it arrived in the mail, she made no showing that this was likely-indeed, we think it highly unlikely. Given the multitude of statutes of limitation and other filing deadlines contained in our statutes and court rules, any county clerk who failed to regularly file-stamp incoming documents on the day they are received in the clerk's office would soon come to the unfavorable attention of the judges of the superior court in that county. Moreover, the judge who ruled that Robinson's motion was untimely made an explicit *660 finding that the motion was filed on July 19, 1999, and Robinson has not assigned error to that finding. Accordingly, it is a verity for this appeal. Filing means filing with the clerk under CR 5(3). A document is filed with the clerk when it is delivered to the clerk. The clerk's filing stamp is evidence of the time and date of delivery but it is not the act of delivery in and of itself. In view of the court's explicit, unchallenged finding, this is not a case in which fault for the late filing can be placed on the Skagit County Clerk.
Much more likely an explanation is postal delay, notwithstanding the fact that the prosecutor received his copy of the motion on July 16, three days after it was mailed on the same day and by the same means as was the original motion. Indeed, postal delay is such a common experience that any litigant who has a statute of limitations looming, as this one was, and who cannot file in person or by a messenger service, should probably either file by facsimile transmission where permitted under CR 5(e) and GR 17 or mail the document to be filed early enough to account for all but the most egregious postal delay. Equitable tolling should not apply to what appears to be a "garden variety claim of excusable neglect." Failing to allow for the possibility of postal delay when a statutory time limit is three days away appears to us to be garden variety excusable neglect.
Robinson asserts that her equal protection rights were violated because "the operation of CrR 7.8 and RCW 10.73.090 treats indigent inmates who must mail motions differently [from] those who may be able to afford other methods of delivery for filing." This claim has largely been subsumed by In re Personal Restraint of Runyan, 121 Wash.2d at 448, 853 P.2d 424. There, the Supreme Court addressed two equal protection claims, first, that RCW 10.73.090 violates the equal protection of indigent prisoners because they are unable to acquire legal representation quickly enough to collaterally attack their convictions, and second, that RCW 10.73.090 violates equal protection because it arbitrarily includes certain exceptions but not others. After concluding that the rational relationship test applies to equal protection challenges to RCW 10.73.090, the Court held that "the statute is a reasonable means of controlling the flow of postconviction collateral relief petitions and does not violate the equal protection clause of either the state or federal constitution." Id. at 449, 853 P.2d 424. The Court noted that "RCW 10.73.090 makes no distinction among rich or poor prisoners and applies equally to both." Id. Contrary to Robinson's claim, RCW 10.73.090 makes no distinction between rich or poor inmates, and is rationally related to the legitimate State interest of controlling the flow of collateral attack litigation.
Robinson next claims that her due process rights were violated because "she had no notice of the effect of the court rule as applied by the court," and because she was "deprived of the opportunity to be heard because of a procedure." However, as noted above, the judgment and sentence notified her that a collateral attack was subject to a one-year limitation unless RCW 10.73.100 applied. In addition, not only has the Court upheld the constitutionality of the one-year limitation, but it also noted that the enumerated exceptions under RCW 10.73.100 "are broader than is necessary to preserve the narrow constitutional scope of habeas relief." In re Personal Restraint of Runyan, 121 Wash.2d at 444-46, 853 P.2d 424. The one-year time limit "is a reasonable and constitutional method for ensuring that collateral review does not degenerate into ... a procedural merry-go-round." Id. at 454, 853 P.2d 424.
"The time limit in RCW 10.73.090 encourages prompt collateral attacks and controls the flow of postconviction collateral relief petitions." In re Personal Restraint of Becker, 96 Wash.App. 902, 905, 982 P.2d 639 (citing In re Personal Restraint of Vehlewald, 92 Wash.App. 197, 203, 963 P.2d 903 (1998)), review granted, 140 Wash.2d 1005, 999 P.2d 1259 (1999). Robinson has not complied with this statutory requirement, nor has she shown that an exception applies, on statutory or equitable grounds.
The trial court properly ruled that Robinson's collateral attack is barred by RCW *661 10.73.090 because it was not timely, and we affirm.
ELLINGTON, J., and GROSSE, J., concur.
NOTES
[1] RCW 9.94A.125 states in relevant part, "[i]n a criminal case wherein there has been a special allegation and evidence establishing that the accused... was armed with a deadly weapon at the time of the commission of the crime, the court shall make a finding of fact of whether or not the accused ... was [so] armed[.] ... The following instruments are included in the term deadly weapon ... any knife having a blade longer than three inches[.]"