IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

POTELCO, INC.,                          )
                                        )      No. 69219-4-I
              Appellant,                )
                                        )      DIVISION ONE
       v.                               )
                                        )
DEPARTMENT OF LABOR AND                 )
INDUSTRIES,                             )      UNPUBLISHED OPINION
                                        )
              Respondent.               )      FILED: November 12, 2013
                                        )
_____)

2013 NOV 12 AM 9:53
COURT OF APPEALS DIV I
STATE OF WASHINGTON
FILED

       BECKER, J. — Potelco Inc. challenges the dismissal of its appeal of a

citation for alleged violations of the Washington Industrial Safety and Health Act

of 1973, chapter 49.17 RCW. Potelco appealed the citation three days after the

statutory deadline of 15 working days. The company argues the Board of

Industrial Insurance Appeals erred by failing to equitably toll the deadline and

dismissing its appeal, and the superior court erred by affirming the Board's

dismissal. Because Potelco fails to identify any circumstances that would

warrant equitable tolling, we affirm the dismissal.

       The Washington Industrial Safety and Health Act (WISHA) authorizes the

Department of Labor and Industries to issue citations and assess penalties

against employers for onsite safety violations. RCW 49.17.120, .130, .180. On

December 20, 2010, the Department issued a citation to Potelco for violations of three safety regulations at its worksite in Bow, Washington. A Department inspector had found Potelco failed to ensure that the operator of its excavator machine had a seatbelt (a repeat serious violation), failed to ensure its employees working in a trench were protected from a cave-in (a serious violation), and provided data for different hydraulic shoring than what was being used in the trench. The citation carried a penalty of $1,300. Under RCW 49.17.140(1), the company had 15 working days from receipt of the citation to appeal it, not including weekends and holidays. The citation informed Potelco of the 15-day deadline. The Department mailed the citation to Potelco's Sumner office by certified mail with return receipt requested.

On December 21, 2010, Potelco receptionist Julia Miles signed the return receipt. Potelco had 15 working days from that date—that is, until January 13, 2011—to appeal the citation. Miles followed office protocol and placed the citation in the mailbox of Bryan Sabari, Potelco's director of safety at the time. Miles could not recall whether Sabari was in the office on December 21.

Sabari testified before an industrial appeals judge that he was the only Potelco employee responsible for handling citations. He was away from the Sumner office from sometime before Christmas until at least January 10, 2011, on vacation and business trips. He could not recall when exactly he returned to

2

the office, but it was sometime during the week of January 10. During his absence, his mail had exceeded the capacity of his inbox and "they had just started to pile all my mail and documents on top of my desk." No one was assigned to go through Sabari's mail for citations and notices while he was away. Sabari testified that the citation at issue here "was at the bottom of all the piles of mail that took me several days to go through." When he discovered the citation, he sent it immediately to Potelco's counsel at Riddell Williams. The firm filed an appeal that same day, January 19, 2011, which was three working days after the statutory deadline.

On February 16, 2012, Industrial Appeals Judge Michael Metzger held a timeliness hearing at which he considered testimony from Sabari and Potelco's receptionist, Miles. On March 16, the judge issued a proposed decision and order dismissing Potelco's appeal as untimely and rejecting the argument that the time limit of RCW 49.17.140(1) should be equitably tolled. Potelco petitioned for review before the Board of Industrial Insurance Appeals. The Board denied the petition and adopted Judge Metzger's proposed decision as its final decision and order. Potelco appealed to Skagit County Superior Court. The Department filed a motion for summary judgment, arguing that Potelco's appeal was time barred. Potelco filed a cross motion for summary judgment, arguing that under the circumstances of this case, the Board should have applied equitable tolling

3

and considered the merits of its appeal. The superior court affirmed the Board's decision and granted the Department's motion for summary judgment dismissal. Potelco appeals.

Summary judgment is properly granted when the pleadings, affidavits, depositions, and admissions on file demonstrate there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c); Clements v. Travelers Indem. Co., 121 Wn.2d 243, 249, 850 P.2d 1298 (1993). Here, the material facts are undisputed. The only question is whether the Board erred by failing to equitably toll the statutory deadline and dismissing Potelco's appeal as untimely.

A citation that is not timely appealed "shall be deemed a final order of the department and not subject to review by any court or agency." RCW 49.17.140(1); Erection Co. v. Dep't of Labor & Indus., 121 Wn.2d 513, 517, 852 P.2d 288 (1993). If Potelco's appeal—filed three working days after the statutory deadline—was untimely, "the citation became final" and Potelco "lost all rights to appeal it to the Board." Danzer v. Dep't of Labor & Indus., 104 Wn. App. 307, 317, 16 P.3d 35 (2000), review denied, 143 Wn.2d 1020 (2001).

Citing Danzer, Potelco argues the Board should have equitably tolled the timeframe to appeal and considered the merits of its appeal. In Danzer, a manufacturer employer asked the court to apply the doctrine of equitable tolling

4

to extend the statutory deadline for filing an appeal of a citation. "The doctrine of equitable tolling permits the court, under 'appropriate circumstances,' to allow an action to proceed even though a statutory time limit has elapsed." Danzer, 104 Wn. App. at 318, citing Millay v. Cam, 135 Wn.2d 193, 206, 955 P.2d 791 (1998). "The predicates for equitable tolling are bad faith, deception, or false assurances by the defendant and the exercise of diligence by the plaintiff." Millay, 135 Wn.2d at 206. "In Washington equitable tolling is appropriate when consistent with both the purpose of the statute providing the cause of action and the purpose of the statute of limitations." Millay, 135 Wn.2d at 206.

The Danzer court recognized that no Washington cases had applied equitable tolling in the context of appealing WISHA citations. But citing federal cases under the federal Occupational Safety and Health Act, the court suggested that WISHA's statutory deadline might be extended under circumstances that justify equitable tolling, that is, "if the employer could show that the delay in filing was caused by the agency's deception, the agency's failure to follow proper procedures, or other agency actions that misled or confused the petitioner." Danzer, 104 Wn. App. at 318-19, citing Sec'y of Labor v. Barretto Granite Corp., 830 F.2d 396, 399 (1st Cir. 1987); Capital City Excavating Co. v. Donovan, 679 F.2d 105, 110 (6th Cir. 1982).

As in Danzer, Potelco can point to no Department action that deceived or

confused the company into missing the deadline. Nor can Potelco show the diligence required by Millay. Sabari, Potelco's director of safety, testified that he was familiar with the timeframe for appealing citations because during his seven years with the company, Potelco had appealed every citation it received, about 20 total. He was aware of the inspection that led to the citation at issue here, and thought he was present at the closing conference on the citation. Nonetheless, Sabari and Potelco failed to arrange for someone to review Sabari's mail for citations during his extended absence from the office. Upon his return, it took Sabari several days to discover the citation "at the bottom of all the piles of mail." This does not amount to diligence. As in Danzer, "there is no basis to apply the doctrine of equitable tolling in this case." Danzer, 104 Wn. App. at 319.

Potelco recognizes that "'Courts typically permit equitable tolling to occur only sparingly, and should not extend it to a garden variety claim of excusable neglect.'" City of Bellevue v. Benyaminov, 144 Wn. App. 755, 761, 183 P.3d 1127 (2008) (internal quotation marks omitted) (quoting State v. Robinson, 104 Wn. App. 657, 667, 17 P.3d 653 (2001)), review denied, 165 Wn.2d 1020 (2009). Nevertheless, the company argues for an extension of the equitable tolling doctrine to situations where "(1) a statute of limitations is an extremely short time period, and (2) a party files an appeal shortly thereafter, and (3) allowing the

appeal will serve the purposes of the underlying statute," even where there is no evidence of bad faith or diligence. We decline Potelco's invitation to fashion a new rule that would apply to its "'garden variety claim of excusable neglect.'" Benyaminov, 144 Wn. App. at 761 (internal quotation marks omitted) (quoting Robinson, 104 Wn. App. at 667).

Because the circumstances do not justify equitable tolling, Potelco's appeal was correctly dismissed as untimely.

Affirmed.

Becker, J.

WE CONCUR:

Leach, C.J.

7