# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| In the Matter of the Personal Restraint Petition of<br><br>VINCENT L. FOWLER,<br><br><br><br>                                   Petitioner. | No.  51029-4-II<br><br><br>PUBLISHED OPINION |

WORSWICK, J. — Vincent Fowler filed his personal restraint petition (PRP) about five months after the one year period to file his PRP expired.  He asserts that the time bar should be equitably tolled because his former counsel failed to communicate with him and subsequently resigned from the Washington State Bar Association (WSBA) in lieu of discipline.  We dismiss Fowler's PRP as untimely.

## FACTS

Fowler was accused of sexually assaulting two children, and was convicted of two counts of first degree child molestation and one count of first degree rape of a child.  The trial court imposed discretionary legal financial obligations (LFOs).  Fowler appealed.

On August 18, 2015, Division Three of this court affirmed Fowler's convictions on direct appeal.  *State v. Fowler*, No. 33227-6-III, slip op. at 1 (Wash. Ct. App. Aug. 18, 2015) (unpublished), http://www.courts.wa.gov/opinions/pdf/332276.unp.pdf.  On September 16, Fowler's direct appeal counsel filed a petition for review with our Supreme Court.  In September, Fowler's brother Darryl Fowler retained a different attorney, John Crowley, to represent Fowler in additional postconviction matters.

No. 51029-4-II

On March 31, 2016, our Supreme Court granted review "only on the issue of imposition of discretionary legal financial obligations" and remanded to the superior court to "reconsider the imposition" of discretionary LFOs consistent with *State v. Blazina*, 182 Wn.2d 827, 344 P.3d 680 (2015). *State v. Fowler*, 185 Wn.2d 1016, 368 P.3d 170 (2016). On October 19, the superior court entered an order amending Fowler's judgment and sentence, which amended the imposition of LFOs, and stated that "all other conditions of the Judgment and Sentence remain in effect." Br. of Resp't at App. E.

On May 22, 2017, the WSBA filed a complaint against Crowley for numerous violations of the Rules for Enforcement of Lawyer Conduct. On July18, Crowley resigned in lieu of discipline. On October 9, Fowler retained current counsel.

On October 18, current counsel filed a document he described as a "placeholder" petition in this court. This document did not raise any issues, but instead described Crowley's nonfeasance on this case and stated, "Given the above, the grounds for relief are yet unclear. More time is required to obtain prior counsel's file, diagnose issues, conduct investigation, if necessary, and then prepare and file the petition." Pet. for Review at 4.

On November 21, we issued the followed ruling:

> Petitioner has filed a "placeholder petition" and requests that this court grant him an extension of time in which to file his complete petition. We consider this as a motion to file a supplemental petition and grant the motion. Petitioner should file his supplemental petition, in which he must address why this court should consider waiving the one-year time bar (RCW 10.73.090) or establish that the issues he raises in his supplemental petition are not subject to the time-bar, within 60 days of the date of this ruling.

Ruling by Commissioner re "Placeholder Petition," *State v. Fowler*, No. 51029-4-II, at 1 (Wash. Ct. App. Nov. 21, 2017).

2

No. 51029-4-II

On January 23, 2018, this court granted additional time to file a supplemental petition, subject to the conditions of this court's November 21 ruling. Ruling Granting Extension of Time, *State v. Fowler*, No. 51029-4-II, at 1 (Wash. Ct. App. Jan. 23, 2018). On March 26, 2018, current counsel filed a supplemental petition arguing ineffective assistance of counsel.[1]

ANALYSIS

I. PRP PRINCIPLES

A PRP is not a substitute for a direct appeal and the availability of collateral relief is limited. *In re Pers. Restraint of Grasso*, 151 Wn.2d 1, 10, 84 P.3d 859 (2004). To be entitled to relief, the petitioner must show either a constitutional error that resulted in actual and substantial prejudice, or a nonconstitutional error that constituted a fundamental defect that inherently results in a complete miscarriage of justice. *In re Pers. Restraint of Woods*, 154 Wn.2d 400, 409, 114 P.3d 607 (2005).

PRPs must be timely filed to warrant our consideration. "No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction." RCW 10.73.090(1).

RCW 10.73.090(3) provides, in part, that "a judgment becomes final on the last of the following dates: (a) The date it is filed with the clerk of the trial court[ or] (b) The

---

[1] Fowler argues that trial counsel was ineffective for failing to (1) interview crucial witnesses, (2) prepare Fowler for his testimony, and (3) offer evidence that the victims had been abused by another person. The State's response to Fowler's supplemental petition includes trial counsel's declaration that contradicts Fowler's ineffective assistance of counsel claims.

3

date that an appellate court issues its mandate disposing of a timely direct appeal from the conviction."

"'[A] judgment becomes final when all litigation on the merits ends.'" *In re Pers. Restraint of Sorenson*, 200 Wn. App. 692, 696, 403 P.3d 109 (2017) (quoting *In re Pers. Restraint of Skylstad*, 160 Wn.2d 944, 949, 162 P.3d 413 (2007)). If the judgment in a criminal case is remanded, and the trial court exercises independent judgment on remand, the judgment becomes final after the trial court's decision on remand. *Sorenson*, 200 Wn. App. at 699-700.

A petitioner may amend an initial petition or file a supplemental brief, and raise new grounds for relief, *so long as the supplemental brief is timely filed* and the new issue is adequately raised. *In re Pers. Restraint of Meredith*, 191 Wn.2d 300, 307, 422 P.3d 458 (2018); *In re Pers. Restraint of Haghighi*, 178 Wn.2d 435, 446, 309 P.3d 459 (2013).

## II. PETITION IS UNTIMELY

The State argues that Fowler's petition is untimely. Fowler does not dispute that his supplemental petition was filed more than one year after his judgment became final, but he argues that he is entitled to equitable tolling. We agree with the State, and dismiss Fowler's petition as untimely.

On October 19, 2016, the trial court reconsidered Fowler's LFOs, and entered an "order amending [judgment and sentence]," which amended the imposition of LFOs. Br. of Resp't at App. E. Because Fowler did not appeal the LFO decision, his judgment became final on October 19, 2016. *See Sorenson*, 200 Wn. App. at 696.

Fowler filed his initial petition on October 18, 2017. But his initial petition raised no substantive claims. Instead, it stated, "[T]he grounds for relief are yet unclear. More time is

4

required to obtain prior counsel's file, diagnose issues, conduct investigation, if necessary, and then prepare and file the petition." Pet. for Review at 4. Fowler's one year period to file a petition ended on October 20, 2017. But Fowler did not file a supplemental petition containing any substantive claims until March 26, 2018. Thus, his supplemental petition is untimely unless he can establish that the issues he raised in his supplemental petition are not subject to the one year time bar. *See Meredith*, 191 Wn.2d at 307.

A.      *Equitable Tolling*

Fowler argues that the time bar should be equitably tolled based on (1) former counsel's incompetence and false assurances, and (2) current counsel's difficulty in obtaining Fowler's complete file. We disagree that the time bar is tolled.

Equitable tolling "permits a court to allow an action to proceed when justice requires it, even though a statutory time period has elapsed." *In Re Pers. Restraint of Bonds*, 165 Wn.2d 135, 141, 196 P.3d 672 (2008). Because the law already permits a variety of methods for challenging wrongful convictions, equitable tolling has a very narrow application in the PRP context, and only where justice requires. *Haghighi*, 178 Wn.2d at 447-48. "Consistent with the narrowness of the doctrine's applicability, principles of finality, and the multiple avenues available for postconviction relief, we apply the civil standard and require the predicates of bad faith, deception, or false assurances." *Haghighi*, 178 Wn.2d at 448-49. Courts narrowly apply the doctrine of equitable tolling and should not use it with "'garden variety'" claims of neglect. *Haghighi*, 178 Wn.2d at 447-48.

A petitioner who seeks to benefit from the equitable tolling doctrine must demonstrate that she or he diligently pursued her or his rights and that the petition was untimely due to bad

faith, deception, or false assurances *caused by the opposing party*—here, the State. *See Bonds*, 165 Wn.2d at 141; *Millay v. Cam*, 135 Wn.2d 193, 206, 955 P.2d 791 (1998); *In Re Pers. Restraint of Hoisington*, 99 Wn. App. 423, 430-31, 993 P.2d 296 (2000). To show diligence, a litigant must demonstrate they sought relief promptly upon learning the basis for doing so. *See State v. Littlefair*, 112 Wn. App. 749, 762-63, 51 P.3d 116 (2002). Washington courts have applied equitable tolling to the statutory time limit of PRPs in very few circumstances. *See Haghighi*, 178 Wn.2d at 447-48; *see also Littlefair*, 112 Wn. App. at 762; *Hoisington*, 99 Wn. App. at 431-32.

Fowler relies on federal cases discussing equitable tolling to statutory time limits of habeas petitions. Federal courts apply equitable tolling to statutory time limits of habeas petitions in "extraordinary circumstances." *Holland v. Florida*, 560 U.S. 631, 649, 130 S. Ct. 2549, 2564, 177 L. Ed. 2d 130 (2010). A petitioner seeking equitable tolling of the federal habeas one year limitation bears the burden of establishing "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Holland*, 560 US at 649 (internal quotation marks omitted) (quoting *Pace v DiGuglielmo*, 544 U.S. 408, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)).

Federal courts have found the conduct of petitioner's counsel in some circumstances to constitute extraordinary circumstances for purposes of equitable tolling. *Maples v. Thomas*, 565 U.S. 266, 132 S. Ct. 912, 915, 181 L. Ed. 2d 807 (2012); *Holland*, 560 U.S. at 653-54; *Spitsyn v. Moore*, 345 F.3d 796 (9th Cir. 2003). But the federal cases are distinguishable because the federal standards for equitable tolling of habeas petitions are more lenient. As stated above,

Washington courts require the party asserting equitable tolling to demonstrate, among other things, that the conditions causing the untimely filing were caused by the opposing party.

Here, Fowler retained Crowley on September 2, 2015. Fowler's judgment became final on October 19, 2016, when the superior court entered its order amending the judgment and sentence amending the imposition of discretionary LFOs. The one year period to file a personal restraint petition began on that date.

On May 22, 2017, the WSBA filed a complaint against Fowler's former counsel, Crowley. On July 18, 2017, Crowley resigned. On October 6, Darryl Fowler learned that Crowley had resigned in lieu of discipline. On October 9, Fowler retained current counsel. On October 18, current counsel filed what he referred to as a "placeholder" petition.[2] On October 20, Fowler's period to file a personal restraint petition ended. On March 26, 2018, current counsel filed a supplemental petition.

In a declaration, Fowler says that between September 2015 and October 6, 2017, he spoke with Crowley "on only a couple of occasions," and Crowley told Fowler "that he was working on [Fowler's] case and had all sorts of plans of what he was going to do." Suppl. Br. of

---

[2] Because a "placeholder petition" is not authorized under court rules or statutes, this court's November 21, 2017 ruling rejected the characterization of "placeholder petition," and instead considered Fowler's initial petition as a "motion to file a supplemental petition." A petitioner may file an amended petition or supplemental brief and raise new grounds for relief as long as the amended or supplemental filing is timely filed and the issues are adequately raised. *Meredith*, 191 Wn.2d at 307; *Haghighi*, 178 Wn.2d at 446. A petitioner cannot, however, avoid the time bar by filing a "placeholder petition" that fails to adequately raise claims, and then after the deadline, file a supplemental brief that meets the requirements for an acceptable petition. *See Haghighi*, 178 Wn.2d at 446; *see also Meredith*, 191 Wn.2d at 307.

Petitioner at Ex. D. "In about June of 2017, all of [Fowler's] calls started going to voice mail. In about August of 2017, [Crowley's] line was disconnected." Suppl. Br. of Petitioner at Ex. D.

As Fowler acknowledges, our Supreme Court does not employ the federal standard of "extraordinary circumstances." Rather, Washington courts require bad faith, deception, or false assurances caused by the opposing party or the court. *See Bonds*, 165 Wn.2d at 141; *Millay*, 135 Wn.2d at 206. Although Fowler has alleged the attorney he hired engaged in egregious behavior, he has failed to establish bad faith, deception, or false assurances by the State. Thus, under *Bonds*, we hold that Fowler has not demonstrated that he is entitled to equitable tolling.

B.      *Rule of Appellate Procedure (RAP) 18.8*

Fowler contends the time for filing should be extended under RAP 18.8(a) and (b). We disagree.

RAP 18.8, which applies to PRPs through RAP 16.17, addresses "[w]aiver of rules and extension and reduction of time." RAP 18.8 provides that appellate courts may waive or alter any provision of the Rules of Appellate Procedure. RAP 18.8(a). Appellate courts may also extend the time to file a notice of appeal, a notice for discretionary review, a motion for discretionary review of a decision of the Court of Appeals, a petition for review, or a motion for reconsideration. RAP 18.8(b).

The one year time limit of RCW 10.73.090 is a statutory limitation period. Courts do not have the authority to waive statutory limitation periods, as opposed to time limits set down in court rules. *In Re Pers. Restraint of Benn*, 134 Wn.2d 868, 939, 952 P.2d 116 (1998); *State v. Robinson*, 104 Wn. App. 657, 665, 17 P.3d 653 (2001). The statutory time limit is a mandatory rule that acts as a bar to appellate court consideration of collateral attacks, unless the petitioner

shows that a statutory exception applies. *Robinson*, 104 Wn. App. at 662. Because we do not have authority to waive statutory limitation periods under RAP 18.8, Fowler's argument fails.

Fowler has failed to establish that the issues he raises in his supplemental petition are not subject to the one year time bar under RCW 10.73.090, .100. Consequently, we dismiss his petition as untimely.

Worswick, J.

We concur:

_____, A.C.J.
Lee, A.C.J.

_____, J.
Cruser, J.