## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| JOEL ZELLMER, | No. 53627-7-II |
| Appellant, | |
| v. | |
| DEPARTMENT OF LABOR & INDUSTRIES, | UNPUBLISHED OPINION |
| Respondent. | |

MELNICK, J. — Joel Zellmer appeals the summary judgment dismissal of his lawsuit alleging that the Department of Labor and Industries (L&I) violated the Public Records Act (PRA), chapter 42.56 RCW, in regard to three of his records requests. Because his complaint is time barred pertaining to Zellmer's first request and because L&I did not violate the PRA regarding his other two requests, we affirm.

## FACTS

Zellmer collected workers' compensation benefits for several years due to work-related injuries. Suspecting fraud, L&I started an investigation into Zellmer's claims.[1] In 2010, L&I

---

[1] As background information, in 2010 a jury found Zellmer guilty of second degree murder for the drowning death of his 3 year old stepdaughter. *State v. Zellmer*, noted at 175 Wn. App. 1003, 2013 WL 2325665, at *3. The alleged motive of the drowning was to collect life insurance proceeds. *Zellmer*, 2013 WL 2325665, at *2. The State presented evidence that Zellmer had a history of fraudulent insurance claims. *Zellmer*, 2013 WL 2325665, at *2-3. The State also presented evidence that Zellmer was fraudulently collecting workers' compensation benefits from L&I. *Zellmer*, 2013 WL 2325665, at *1. Zellmer's former wife testified that he told her he had a doctor "in his back pocket" who would write anything Zellmer wanted to help him get L&I benefits. *Zellmer*, 2013 WL 2325665, at *1.

requested that four doctors review Zellmer's medical records; L&I did not request that the doctors

perform an Independent Medical Examination (IME) on Zellmer.[2] Dr. Steven Fey and Dr. Dennis

Stumpp performed a records review regarding one claim, Dr. H. Berryman Edwards performed a

records review regarding another claim, and Dr. Alfred Blue performed a records review regarding

a third claim.

I.      ZELLMER'S RECORDS REQUESTS

Zellmer made four records requests to L&I.

A.      First Request

On July 3, 2016, Zellmer requested:

1. All order(s) for the authorization of (4) Independent Medical Examinations by: Steven G. Fey, Ph.D., H. Berryman Edwards, M.D., Alfred I. Blue, M.D., Dennis Stumpp, M.D., M.S.  These IMEs would of been authorized under one of these claims possible N767257, Y154479, Y480253.

2. All billing(s), [invoice] statements by each of the providers for the IMEs as [described] above in section 1 of this request.

3. All warrants of payments for each of the IMEs as [described] above in section 1 in this request.  (Copy of check sent to provider for IMEs).

Clerk's Papers (CP) at 49.  L&I sent a letter to Zellmer, seeking clarification whether his request

related to "Independent Medical Examinations" performed by the four doctors.  CP at 52.  Zellmer

did not respond when L&I tried to clarify what he was requesting.

Nevertheless, L&I began searching for the records.  Laurel Chastain, a staff member in the

public records unit, searched for responsive records.  She sent the records request to the two L&I

divisions that she determined would be most likely to have responsive records:  The Insurance

---

[2] An IME is "[a]n objective medical-legal examination requested (by the department or self-insurer) to establish medical findings, opinions, and conclusions about a worker's physical condition."  WAC 296-23-302.  IMEs "may only be conducted by department-approved examiners."  WAC 296-23-302.

Services Claims Administration and Training Division and the Insurance Services Medical Information and Payment System Division. Neither division could located the requested documents. The searches showed that none of the four providers conducted IMEs in the three claims Zellmer identified in his request.

L&I notified Zellmer on August 26, 2016, that it could not locate the records and that it closed his request. Zellmer did not respond.

B.      Second Request

On October 6, 2016, Zellmer requested copies of "each pdf[3] file . . . of each of the four forensic investigations under claims of Joel Martin Zellmer." CP at 60. Zellmer listed the names of the four doctors and the PDF files he was requesting. He also requested:

> [I]tems beyond this to include authorization orders for each of these IMEs listed above doctors. I would also like a copy of any payments made to each of them.
>
> The IMEs were done as part of a[n] L&I criminal investigation. Some of the claim numbers are the following N767257, Y154479, and Y480253. These payments to each of these doctors are:
>
> 1. Fey $35,700.00
> 2. Edwards $3,850.00
> 3. Blue $5,400.00
> 4. Stumpp $4,200.00
>
> I would like a copy of each payment made and the order authorizing each payment/IME.

CP at 60.

L&I again asked Zellmer to clarify that his request was for documents relating to IMEs performed by the four doctors. Zellmer did not respond.

On December 23, 2016 L&I sent Zellmer another clarification letter, stating:

[Y]our request is being interpreted to be for paper copies of the following:

---

[3] Portable Document Format.

**Item 1**: A copy of the following PDF files provided in public record request (PRR) number 76369:

a. fey_20100804153223 .pdf
b. edwards_20100804153654.pdf
c. blue_20100804153836.pdf
d. stumpp_20100804153259.pdf

**Item 2**: A copy of the following records from each Independent Medical Exam (IME) provider on your claims listed below:

a. Authorization orders
b. A report of any payments made

List of IME providers:
• Steven G. Fey
• Berryman Edwards
• Alfred Blue
• Dennis Stumpp

List of your claim numbers:
• N767257    • P196690    • X225608
• Yl54479    • T108247    • Y110136
• Y480253    • X464295
• P124792    • Y453494

In response to **Item 1**: PRR 76369 is past retention and has been destroyed per our retention schedule.  We only keep these types of records for two years.  In order to search for the records with the programs, please identify what kind of records each of these files are and what kind of file they are a part of.  For example: a Notice of Assessment in a claim investigation.

Please note that depending on the record type, these records may also be past retention with the business programs and may no longer be available.

Please provide the requested clarification by **January 10, 2017**, if I have not received a response regarding this item by this date, I will assume you want to cancel your request for this item.

In response to **Item 2**: We require time to locate, assemble, and scan any identified records.  We will also be checking these materials, pursuant to the Revised Code of Washington (RCW) 42.56, to determine whether any of the information requested is statutorily exempt from disclosure and therefore unavailable for public inspection under Washington Law.

We expect to mail the records to you by **January 27, 2017**.

CP at 66-67.

Zellmer responded that he was seeking "records that demonstrate authorization (by L&I) and payment of monies to the four Independent Medical Examiners listed in my request for public records." CP at 69.

Public records unit staff member Mara Osborn reviewed the request and clarifications, and routed the request to the two divisions within L&I that she determined would be most likely to have responsive records: The Insurance Services Claims Administration and Training Division and the Insurance Services Health Services Analysis Division. She chose these divisions based on her knowledge and experience in searching for records in response to requests. She also wanted

> to be sure there wasn't a document that maybe didn't live in MIPS[4] or within that MIPS program. We have—the agency has a program titled MIPS as well as a system and they live within the health services analysis group. And so I had routed to them specifically so that if—because I had seen they'd pulled bills before. So I wanted to be very thorough and those were stretching out beyond just a copy of the claim file or what was in an automated system.

CP at 267.

A staff member from Insurance Services Claims Administration informed Osborn that employees in the program had checked multiple areas for records and stated that they had no responsive records. A Heath Services Analysis employee stated that there did not seem to be any bills for any IMEs for the doctors or claims listed in Zellmer's request. Both divisions responded that they could not locate any responsive records.

On January 26, 2017, L&I mailed Zellmer a closing letter informing him that it had conducted a search but could not find responsive records because no IMEs existed and all but one

---

[4] Medical Information Payment System.

of the claim investigations for his claims had been destroyed per L&I's retention schedule. Zellmer did not respond.

C.     Third Request

On February 4, 2017, Zellmer requested records on "[a]ny IMEs done between November 1, 2009 thru April 30, 2010." CP at 41. L&I assigned Forms and Records Analyst, Donna Desch, to Zellmer's request. Through prior searches for the same records by L&I, Desch was aware that there were no records relating to IMEs performed from November 1, 2009 through April 30, 2010. Nonetheless, Desch searched L&I's database and found no IMEs for this period.

L&I notified Zellmer on February 10, 2017 that it had searched L&I's records and found no responsive records. Zellmer did not respond.

D.     Fourth Request

On February 5, 2017, Zellmer sent a fourth records request, asking for the following records:

> 1) Annual Claimant History Profile. I would like it for the years of 2007 thru 2011.
>
> 2) Firm Statement of Awards. I would like it for the years of 2007 thru 2011.
>
> 3) Remittance Advices. I would like it for the years of 2007 thru 2011.
>
> I would like these records from any claim number that is assigned to Joel M. Zellmer. These reports are maintained in your electronic system called Enterprise Output Solution (EOS). The claim numbers are N767257, Y154479, and Y480253.

CP at 110. In this request, Zellmer removed any reference to IMEs. L&I provided Zellmer with 158 pages of records, including records relating to Drs. Fey, Berryman, Stumpp, and Blue.

II.     TRIAL COURT PROCEEDINGS

On January 12, 2018, Zellmer filed a complaint against L&I, alleging L&I violated the PRA in how it responded to his first three records requests. L&I moved for summary judgment,

6

arguing it timely responded to Zellmer's requests, conducted thorough and adequate searches, and found no responsive records to Zellmer's requests. L&I further argued that Zellmer's complaint relating to his first request was barred by the statute of limitations. Zellmer responded that the statute of limitations should be tolled based on the equitable tolling doctrine.

The trial court granted L&I's motion for summary judgment, dismissing all of Zellmer's claims. The court also denied Zellmer's subsequent motion for reconsideration. He appeals.

ANALYSIS

Zellmer contends the trial court erred in granting L&I's motion for summary judgment because L&I violated the PRA by failing to conduct an adequate search of responsive records in response to his first three requests. We disagree. L&I properly responded to Zellmer's three requests by attempting to clarify what Zellmer was requesting and then determining the records requested did not exist. In coming to this conclusion, we are mindful that once Zellmer ceased asking for records relating to IME's, L&I produced the records he requested.

I. STANDARD OF REVIEW

We review an order granting summary judgment de novo, engaging in the same inquiry as the trial court. *Grundy v. Thurston County*, 155 Wn.2d 1, 6, 117 P.3d 1089 (2005). Summary judgment is appropriate "if the pleadings . . . together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56(c). We also review agency actions under the PRA de novo. RCW 42.56.550(3).

II. LEGAL PRINCIPLES

"The PRA 'is a strongly worded mandate for broad disclosure of public records.'" *Resident Action Council v. Seattle Hous. Auth.*, 177 Wn.2d 417, 431, 327 P.3d 600 (2013) (quoting *Hearst*

*Corp. v. Hoppe*, 90 Wn.2d 123, 127, 580 P.2d 246 (1978)). Its purpose is to increase governmental transparency and accountability by making public records accessible to Washington's citizens. *John Doe ex rel. Roe v. Wash. State Patrol*, 185 Wn.2d 363, 371, 374 P.3d 63 (2016). We liberally construe the PRA to promote the public interest. *Soter v. Cowles Publ'g Co.*, 162 Wn.2d 716, 731, 174 P.3d 60 (2007); RCW 42.56.030.

Under RCW 42.56.070(1), a government agency must disclose public records upon request unless a specific exemption in the PRA applies or some other statute applies that exempts or prohibits disclosure of specific information or records. *Ameriquest Mortg. Co. v. Office of the Att'y Gen.*, 177 Wn.2d 467, 485-86, 300 P.3d 799 (2013). "A public records request must be for identifiable records." RCW 42.56.080(1). A person requesting records must identify or describe the documents with reasonable clarity to allow the agency to locate them. *Hangartner v. City of Seattle*, 151 Wn.2d 439, 447, 90 P.3d 26 (2004), *superseded by statute on other grounds as stated in* John *Doe ex rel. Roe*, 185 Wn.2d 363. The PRA does not "require public agencies to be mind readers." *Bonamy v. City of Seattle*, 92 Wn. App. 403, 409, 960 P.2d 447 (1998). It is not a PRA violation when an agency does not provide a requester a record that does not exist. *Bldg. Indus. Ass'n of Wash. v. McCarthy*, 152 Wn. App. 720, 739, 218 P.3d 196 (2009).

To adequately disclose documents, an agency must conduct "a sincere and adequate search for records." *Fisher Broad.-Seattle TV LLC v. City of Seattle*, 180 Wn.2d 515, 522, 326 P.3d 688 (2014). An adequate search is one that is "reasonably calculated to uncover all relevant documents." *Neigh. All. of Spokane County v. Spokane County*, 172 Wn.2d 702, 720, 261 P.3d 119 (2011). "[A]gencies are required to make more than a perfunctory search and to follow obvious leads as they are uncovered." *Neigh. All.*, 172 Wn.2d at 720. "What will be considered reasonable will depend on the facts of each case." *Neigh. All.*, 172 Wn.2d at 720. The agency

bears the burden of showing its search was adequate. *Neigh. All.*, 172 Wn.2d at 721. Because the PRA considers the failure to properly respond as a violation, the failure to adequately search is also considered a violation. *Neigh. All.*, 172 Wn.2d at 721.

III. FIRST REQUEST

Zellmer first argues that L&I did not conduct a reasonable search for the records in his first request. L&I responds that this argument is time barred. We agree with L&I.

A.    Statute of Limitations

The PRA establishes a one-year statute of limitations for judicial review of agency actions. RCW 42.56.550(6) provides, "Actions under this section must be filed within one year of the agency's claim of exemption or the last production of a record on a partial or installment basis." *Belenksi v. Jefferson County*, 186 Wn.2d 452, 460, 378 P.3d 176 (2016), clarified that the statute does not limit triggering events to those listed in RCW 42.56.550(6), recognizing "the legislature intended to impose a one year statute of limitations beginning on an agency's final, definitive response to a public records request." This final response includes a letter sent to the requester notifying him or her that the request has been closed. *Dotson v. Pierce County*, 13 Wn. App. 2d 455, 471, 464 P.3d 563 (2020).

L&I notified Zellmer on August 26, 2016, that it could not locate the records and that the request was closed. Zellmer did not file his complaint until January 12, 2018. Because the complaint was filed more than one year after the matter was closed, Zellmer's claim regarding his first request is time barred.

B.    Equitable Tolling

Zellmer argues the statute of limitations was tolled based on equitable tolling. "Equitable tolling permits a court to allow an action to proceed when justice requires it, even though a

statutory time period has nominally elapsed." *Benyaminov v. City of Bellevue*, 144 Wn. App. 755, 760, 183 P3d 1127 (2008) (internal quotation marks omitted) (quoting *State v. Robinson*, 104 Wn. App. 657, 667, 17 P.3d 653 (2001)). A statute of limitations may be tolled for equitable reasons when the circumstances show bad faith, deception, or false assurances by the defendant, and the exercise of due diligence by the claimant. *Millay v. Cam*, 135 Wn.2d 193, 205, 955 P.2d 791 (1998). The party asserting that equitable tolling applies bears the burden of proof. *Price v. Gonzalez*, 4 Wn. App. 2d 67, 77, 419 P.3d 858 (2018). "Courts typically permit equitable tolling to occur only sparingly, and should not extend it to a garden variety claim of excusable neglect." *Price*, 4 Wn. App. 2d at 76.

Zellmer alleges L&I did not adequately search for records. But "the failure to conduct a reasonable search or the failure to follow policies in a search does not necessarily constitute bad faith." *Faulkner v. Dep't of Corr.*, 183 Wn. App. 93, 102, 332 P.3d 1136 (2014). "[B]ad faith incorporates a higher level of culpability than simple or casual negligence." *Faulkner*, 183 Wn. App. at 103. Zellmer presents no evidence that L&I acted in bad faith or engaged in any deception. For this reason, we conclude equitable tolling did not toll the statute of limitations. Zellmer's allegations regarding to his first request were time barred and properly dismissed.

IV.     SECOND REQUEST

Zellmer next argues that L&I did not conduct an adequate search for the records requested in his second request. We disagree. L&I complied with the PRA when it discovered no records existed in response to Zellmer's second request.

Zellmer requested PDF files for investigations from Drs. Fey, Edwards, Blue, and Stumpp. He specifically requested "items . . . to include authorization orders for each of these IMEs listed above." CP at 60. L&I attempted to clarify if Zellmer wanted IME information on the four

doctors. Zellmer responded that he was seeking "records that demonstrate authorization (by L&I) and payment of monies to the four Independent Medical Examiners listed in my request for public records." CP at 69.

L&I mailed Zellmer a closing letter informing him that it had conducted a search but could not find responsive records because there were no IMEs on file and all but one of the claim investigations for his claims had been destroyed per L&I's retention schedule. This response satisfied the PRA.

In addition, L&I performed an adequate search. Zellmer repeatedly informed L&I that he wanted IME records from the four doctors. L&I attempted to clarify Zellmer's request. After searching multiple divisions and multiple locations, L&I found no IMEs records from the four doctors. "[A]gencies are required to make more than a perfunctory search and to follow obvious leads as they are uncovered." *Neigh. All.*, 172 Wn.2d at 720. L&I did so in this case. Thus, L&I met its burden to show that its search was adequate, and the requested records did not exist. The trial court did not err by dismissing in summary judgement Zellmer's allegations regarding his second request.

V.      THIRD REQUEST

Zellmer next argues that L&I did not conduct an adequate search for the records requested in his third request. We disagree. L&I complied with the PRA when it discovered no records existed in response to Zellmer's request.

On February 4, 2017, Zellmer requested records on "[a]ny IMEs done between November 1, 2009 thru April 30, 2010." CP at 41. Again, L&I searched for IME records, but since there were no IMEs performed, there were no records to be found. L&I did not violate the PRA. In

11

addition, L&I's search was adequate. The trial court did not err in dismissing in summary judgment allegations relating to Zellmer's third request.

## VI. MOTION FOR RECONSIDERATION

Zellmer contends the trial court erred in denying his motion for reconsideration. We disagree.

We review a trial court's decision on a motion for reconsideration for abuse of discretion. *Rivers v. Wash. State Conf. of Mason Contractors*, 145 Wn.2d 674, 685, 41 P.3d 1175 (2002). A trial court abuses its discretion when its decision is manifestly unreasonable or made on untenable grounds or for untenable reasons. *Mayer v. Sto Indus., Inc.*, 156 Wn.2d 677, 684, 132 P.3d 115 (2006). In light of our conclusion that the trial court properly dismissed all of Zellmer's claims, we conclude that the court's denial of Zellmer's motion for reconsideration was based on tenable grounds and was therefore not an abuse of its discretion.

## VII. ATTORNEY FEES AND COSTS

Zellmer requests an award of attorney fees and costs on appeal. He cites no authority supporting an award of attorney fees for a pro se litigant. Instead, he cites the PRA's attorney fee provision, which provides for an award of costs, including attorney fees, to any person who prevails against an agency in a PRA action and RAP 18.1. But a nonlawyer litigating a PRA action incurs no attorney fees and is not entitled to a fee award under RCW 42.56.550(4). *Mitchell v. Dep't of Corr.*, 164 Wn. App. 597, 608, 277 P.3d 670 (2011). Moreover, Zellmer is not the party who has substantially prevailed on review; therefore, he is not entitled to an award of fees or costs incurred on appeal.

VIII.   COSTS BELOW AND PENALTIES

Lastly, Zellmer asks this court to remand with instructions for the trial court to award him his costs incurred below and penalties.  Because we conclude that L&I did not violate the PRA, no such award is warranted.

## CONCLUSION

Because Zellmer's complaint is time barred pertaining to his first records request and because L&I did not violate the PRA regarding his other two requests, the trial court did not err in dismissing Zellmer's complaint.  We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Melnick, J.

We concur:

_____
Worswick, P.J.

_____
Cruser, J.